Syntha **ESSEX**, administratrix de bonis non cum testamento annexo of the Estate of Harry E. Judd, Deceased, Plaintiff,

v.

Richard P. **VINAL** et al., Defendants (three cases).

Civ. Nos. 72–0–475 to 72–0–477.

United States District Court,
D. Nebraska.

July 9, 1973.

Harry H. Foulks, Omaha, Neb., for plaintiff.

William L. Schaphorst, U. S. Atty., D. Neb., for defendants.

## MEMORANDUM

RICHARD E. ROBINSON, Senior District Judge.

This matter comes before the Court upon the defendants' motions to dismiss. [Filing #6]. The plaintiff has filed three separate actions and motions to dismiss are pending in each action. The parties and issues of law are identical, and this Memorandum will be dispositive of each motion in the other actions [Essex v. Vinal, et al., Civil 72–0–476 [Filing #6] and Essex v. Vinal, et al., Civil 70–0–477 [Filing #6]].

In each action the plaintiff, as administratrix of the Estate of Harry E. Judd, deceased, has brought a purported class action for a declaration that certain tax assessments are null and void and for an accounting and payment of taxes assessed against the estate and others similarly situated.

It is alleged the plaintiff has deposited the assessed sum with the defendants and the plaintiff alleges that she "believes that others similarly situated" have made similar deposits. There is no allegation in any of the complaints that the plaintiff or anyone else has filed any claim for a refund or credit with the Secretary prior to bringing the actions.

The defendant asserts in its motion to dismiss that this Court does not have jurisdiction over the respective actions.

The defendants have filed a comprehensive brief. The plaintiff has requested oral arguments but the Court has concluded that oral arguments are not necessary and that the matter should be taken under submission upon the basis of the present record. See Rule 16[c] and Rule 16[e] [as amended] of the Rules of Practice, United States District Court, District of Nebraska.

█ The plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 1340, 1346, and 1361. The plaintiff has named several individuals as defendants as well as the United States. It is further alleged by the plaintiff that each individual defendant is an officer and employee of the United States and that each individual defendant had authority under the internal revenue laws of the United States to assess federal taxes. It is further alleged by the plaintiff that each individual was acting on behalf of the United States and purported to act under an Act of Congress providing for internal revenue. Thus it can be established from the pleadings that the individual defendants were acting within their scope of official authority and would be immune from any personal liability. *See* Bershad v. Wood, 290 F.2d 714 [9th Cir. 1961]. This is then, a suit against the sovereign and this Court does not have jurisdiction over the subject matter absent a waiver of sovereign immunity. *See* Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 [1939],

United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 [1941].

 Neither 28 U.S.C. § 1340 nor 28 U.S.C. § 1346 constitute a waiver of sovereign immunity.

As stated in Quinn v. Hook, 231 F. Supp. 718, 719 [E.D.Penn.1964]:

"The grant by § 1340 of jurisdiction in the district courts to entertain civil actions under the internal revenue laws is not of itself a waiver of governmental immunity from suit. It merely authorizes proceedings in which the Government has by some other statutory provision consented to be sued. [Footnote citation omitted]."

and it was held in United States v. Rochelle, 363 F.2d 225 [5th Cir. 1966] that the requirement of 28 U.S.C. § 7422[a] that a claim for a refund must be filed is a jurisdictional requirement that cannot be waived, and that 28 U.S.C. § 1346 standing alone is not an unconditional waiver of sovereign immunity.

28 U.S.C. § 1361 is limited to an action for mandamus, and does not provide any waiver of immunity with respect to a refund of taxes. The defendants assert that the issues raised with respect to mandamus have been determined in an action filed by the plaintiff in Essex v. Walters, Civil 71-0-379. This Court takes judicial notice of its own prior judgment in Essex v. Walters and concludes that dismissal is proper with respect to the relief requested in the nature of mandamus. See Hicks v. Holland, 235 F.2d 183 [6th Cir. 1956] and 1 B. J. Moore, Federal Practice ¶ 0.-408[1] at 951–955 [2nd Ed. 1965].

The Court does not construe the Complaint as seeking to restrain the assessment or collection of any federal tax, rather it appears simply to be an action for a refund. If the plaintiff does seek such relief then the complaint would also necessarily be dismissed because 26 U.S.C. § 7421[a] expressly prohibits the maintenance of such suits, and it is ascertainable from the pleadings that none of the exceptions would

be applicable in this case. The holding of Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 [1962] would require that the complaint be dismissed. It is certainly far from "clear that under no circumstances could the Government ultimately prevail"; there is no allegation of an irreparable injury, and 26 U.S.C. § 7422 provides for a legal remedy by a suit for a refund.

There has been no allegation or suggestion that any officer, agent or employee of the United States prevented or hindered the plaintiff in filing for a refund pursuant to 26 U.S.C. § 7422.

It also follows that the action cannot be maintained as a class action. See Heisler v. United States, 463 F.2d 375 [9th Cir. 1972].

The Court has concluded that the separate actions should be dismissed and a motion for a protective order in Civil 72-0-476 [Filing #7] is rendered moot. Separate orders will be entered.