Syntha ESSEX, Administratrix, dbn, cta of the Estate of Harry E. Judd, Deceased, Appellant,

v.

Richard P. VINAL et al., Appellees.

Nos. 73-1709 to 73-1711.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1974.

Decided June 6, 1974.

Rehearings and Rehearings En Banc Denied July 17, 1974.

---

Harry H. Foulks, Omaha, Neb., for appellant.

William H. Brown, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, BRIGHT and STEPHENSON, Circuit Judges.

GIBSON, Circuit Judge.

These consolidated cases present a somewhat novel question for our review. The plaintiff, administratrix of the estate of Harry E. Judd, who died September 8, 1965, claims that estate taxes paid by the estate were not "taxes" but rather "deposits" as these taxes had not allegedly been assessed. These cases come before us from the District Court's [1] grant of the United States' Motion to Dismiss for lack of subject matter jurisdiction.[2]

In order to understand plaintiff's contentions, the background details of this litigation must be set forth. The decedent, Harry E. Judd, died September 8, 1965. Int.Rev.Code of 1954, § 6075 and Treas.Reg. § 20.6075–1 (1958) in effect at the time of decedent's death required an estate tax return to be filed within 15 months after the date of death. On December 8, 1966 (the last day of the 15-month period), the estate made a $55,000 payment and requested an extension of time to file the estate tax return. This payment was assessed December 16, 1966. On January 9, 1967, the estate tax return was filed with a payment of the remaining tax shown as due on the return, $5,132.21, together with interest of $26.52. The above amount was assessed January 13, 1967. As a result of audit, a deficiency of $13,372.40 was determined by IRS. Statutory notice of deficiency was mailed March 10, 1969. After expiration of the 90-day period for seeking

Tax Court review, the deficiency was assessed August 1, 1969. This amount, together with interest of $2,192.34, was paid September 15, 1969.

A claim for refund of the above amounts was made to the Commissioner September 14, 1970. On December 13, 1970, this claim was disallowed. As to the $55,000 and the $5,158.73 payments, the reason for denial was that the statute of limitations in Int.Rev.Code of 1954, § 6511 [3] had expired. The refund claim for the $13,372.40 deficiency was also denied by the Commissioner and a suit for refund of this payment, for which a timely refund claim had been made, is presently pending in federal district court. The plaintiff also, prior to the instant action, filed a suit in the district court for a writ of mandamus to compel the Internal Revenue Service to release its assessment records. Upon voluntary compliance this suit was dismissed by the District Court. The dismissal was affirmed on appeal under Local Rule 14. Essex v. Walters, 475 F.2d 1407 (8th Cir.), cert. denied, 412 U.S. 919, 93 S.Ct. 2732, 37 L.Ed.2d 144 (1973).

Plaintiff then brought the instant suits, styled as class actions, requesting recovery of some $28 million in toto. Her claim in each suit is identical. She alleges that each of the three payments was a deposit to be used to satisfy any tax liability assessed, but since no tax liability was assessed, these monies are being illegally retained by the Service.

---

1. The Honorable Richard E. Robinson, Senior District Judge, District of Nebraska. Judge Robinson's memorandum opinion appears at 362 F.Supp. 372 (D.Neb.1973).

2. The District Court's legal conclusion was that this was a suit directed against the United States as sovereign without its consent, and that the Court lacked subject matter jurisdiction.

3. Int.Rev.Code of 1954, § 6511 provides in pertinent part:

(a) *Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpay-

er within 3 years from the time the return was [required to be filed (determined without regard to any extension of time)] or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

(b) *Limitation on allowance of credits and refunds.—*

(1) Filing of claim within prescribed period.—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

The District Court concluded that these suits were actually suits against the United States, that there had been no waiver of sovereign immunity, and thus it was without jurisdiction.

The decision in this case requires determination of three questions: (1) whether the suit is actually a suit against the United States; (2) whether the monies were actually a deposit or were paid as taxes; and (3) if the monies were paid as taxes, and the suit is actually against the United States whether sovereign immunity has been waived.

▮ Plaintiff argues that this is not a suit against the sovereign because the actions of the defendants [4] were *ultra vires* their statutory authority and thus fall into the first exception regarding the permissibility of maintaining suits against government officials restated in Dugan v. Rank, 372 U.S. 609, 621–622, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963):

> Those exceptions are (1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void.

We do not need to decide whether or not these acts were *ultra vires* for "the existence of a right to sue the officer is not the issue in this case * * * [but] [t]he issue here is whether this particular suit is not also, in effect, a suit against the sovereign." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). We hold that it is. This is not a suit to recover damages for an agent's personal actions, rather it requests the return of monies deposited in the United States Treasury. The relief sought is, in fact, relief against the United States for alleged wrongs committed by its subordinate officials and as such is barred, absent an effective waiver.

> Since the sovereign may not be sued, it must also appear that the action to be restrained or directed is not action of the sovereign. The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet that requirement.

Larson v. Domestic & Foreign Commerce Corp., *supra* at 693.

Thus, before determining whether there has been any waiver of immunity in these cases, the character of the monies paid must be determined. Plaintiff asserts that the decisions in Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), and Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), require a conclusion that these monies are deposits rather than payments of taxes.

▮ It is clear that the monies paid were not intended as deposits but as taxes. The initial $55,000 payment was made on the due date for filing the estate tax return at the same time that an extension of time for filing was requested. The payment of $5,132.21 plus interest of $26.52 made January 9, 1967, was made as a payment of the remainder of tax due as shown on the return filed the same date. And the last payment of $13,372.40 plus interest of $2,192.34 in response to a statutory notice of deficiency was obviously intended as a payment of tax.

The Service treated these payments as taxes and not as deposits. The advance payment of $55,000 December 8, 1966, was assessed December 16, 1966, pursuant to the authority contained in Int. Rev.Code of 1954, § 6213(b)(3); Treas. Reg. § 301.6213–1(b)(3) (1954); and Rev.Proc. 64–13 [5] allowing advance pay-

---

4. Defendant Richard P. Vinal is District Director of Internal Revenue, Nebraska District. Arnold S. Dreyer is Director of the Midwest Regional Service Center. Johnnie M. Walters is the former Commissioner of Internal Revenue.

5. In view of the difficulties presented by advance payments when the amount of tax due could not be determined by the Service at the time of payment, the Commissioner issued Rev.Proc. 63–11, 1963–1 Cum.Bull. 497 setting forth how advance payments would

**230**

ments to be assessed upon receipt. The later payments also were assessed as taxes instead of being held as deposits by the Service.

The plaintiff's legal argument boils down to the contention that these assessments made were void because Treas. Reg. § 301.6203–1 (1961) was not complied with. Int.Rev.Code of 1954, § 6203 specifies that an assessment

shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate in accordance with rules or regulations prescribed by the Secretary or his delegate.

Treas.Reg. § 301.6203–1 provides in pertinent part:

*Method of Assessment.*—The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. *The assessment shall be made by an assessment officer signing the summary record of assessment.* (emphasis supplied).

■ The asserted noncompliance with the regulation is the allegation that those officers who signed the assessment certificates were not in fact "assessment officers." Accepting *arguendo* that this is so, we find nothing in *Rosenman* or *Brafman* to support the plaintiff's legal contention that the assessments are thus void and the payments converted to deposits subject to recovery in the instant suit.

In *Rosenman,* the Commissioner's claim was that the date of a $120,000 advance payment should govern the running of the statute of limitations for filing a claim for refund. This contention was rejected because the payment had been held in a special suspense account and was not considered as "payment" until the amount of tax due was actually assessed by Internal Revenue. There is no doubt that had the deposit been assessed upon receipt as was done in the present case, it would have been considered "payment" at that time.

*Brafman* is closer to plaintiff's position. In *Brafman,* the Commissioner in 1962 attempted to impose transferee liability for estate taxes upon a beneficiary of the estate of a decedent who died in 1951. This liability was predicated upon an assessment certificate prepared August 1, 1956, after a Tax Court decision in favor of the Government. The *Brafman* court began with the proposition that there could be no transferee liability if there was no assessment within the statutory period, which in *Brafman* terminated September 28, 1957. The assessment certificate of August 1, 1956, was unsigned. Treas.Reg. § 301.6203–1, *supra,* was interpreted to require signature on the assessment certificate. An unsigned certificate was determined to be wholly void, thus there was no assessment upon which to base transferee liability.

■ So far as our research has disclosed, plaintiff presents an argument of first impression. Arguably, it would be permissible to interpret Treas.Reg. § 301.6203–1 to void a signed assessment if not signed by an authorized assessment officer. However, we think such an approach is totally unwarranted. The distinction, as we see it, between *Brafman* and the present case is that

---

be handled. This was superseded by Rev. Proc. 64–13, 1964–1 Cum.Bull. 674 in effect at the time these payments were made. Rev.Proc. 64–13, §§ 3.02 and 3.03 provide in pertinent part:

.02 An advance payment made before the mailing of a statutory notice of deficiency (90-day letter), which is made by a taxpayer as a payment in respect of a pending deficiency, will also be assessed upon receipt or as soon thereafter as is practicable, provided the District Director of Internal Revenue is in a position to ascertain the amount of the deficiency * * *.

.03 An advance payment received before the mailing of a statutory notice of deficiency which is not assessed will be treated as a deposit in the nature of a cash bond for the payment of taxes thereafter found to be due.

*Brafman* involved the facial invalidity of the assessment; any person familiar with the requirement that an assessment certificate be signed would at once recognize the invalidity of an unsigned assessment. In the present case the assessment are at the least *de facto* valid; no irregularity appears on the face of the assessment certificates. Even accepting plaintiff's allegations as true, we think this would establish only that the assessment was erroneously or illegally made, not that no assessment was made. Provision for challenging an erroneous or illegal assessment is provided by 28 U.S.C. § 1346(a)(1). This section reads:

*United States as defendant*

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or * * * any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *.

The above provision is the only one upon which plaintiff may establish a waiver of immunity on behalf of the United States, yet this avails her little due to her failure to make a timely administrative claim. Int.Rev.Code of 1954, § 7422(a) provides:

(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or * * * of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

■ Plaintiff's administrative claim for refund of the first two payments was not timely filed in accordance with Int.Rev.Code of 1954, § 6511, *supra*. The filing of a timely claim for refund under § 7422(a) is a prerequisite to a tax refund suit and is a jurisdictional requirement that cannot be waived. Canton v. United States, 388 F.2d 985, 986 (8th Cir. 1968); United States v. Rochelle, 363 F.2d 225, 231 (5th Cir. 1966). Thus whatever claim plaintiff has regarding the first two payments is barred by the limitation period. The final payment is the subject of a presently pending refund suit in the district court.[6] The District Court correctly concluded it was without jurisdiction to hear the instant cases.

■ Plaintiff incorrectly argues that 28 U.S.C. § 1340 [7] and § 1361 [8] constitute waivers of sovereign immunity. It is well settled that such is not the case. Regarding 28 U.S.C. § 1340, see Falik v. United States, 343 F.2d 38, 40 (2d Cir. 1965); Yannicelli v. Nash, 354 F.Supp. 143, 149 (D.N.J.1973); Quinn v. Hook, 231 F.Supp. 718, 719 (E.D.Pa.1964), aff'd 341 F.2d 920 (3d Cir. 1965). That § 1361 does not constitute a waiver, see

6. Our foregoing discussion assumes, only for the purpose of deciding plaintiff's waiver of sovereign immunity argument, that an action on the allegedly illegal assessments might lie under § 1346(a)(1). We neither hold nor imply that the allegations of the complaint state any cause of action against the United States, even if timely brought.

7. 28 U.S.C. § 1340 provides:
*Internal Revenue; customs duties*
The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court.

8. 28 U.S.C. § 1361 provides:
*Action to compel an officer of the United States to perform his duty*
The district courts shall have original jurisdiction of any action in the nature of mandamus to compel any officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

**232**

White v. Administrator of G.S.A., 343 F.2d 444, 447 (9th Cir. 1965); Massachusetts v. Connor, 248 F.Supp. 656, 660 (D.Mass.1966), aff'd 336 F.2d 778 (1st Cir. 1966); Switzerland Co. v. Udall, 225 F.Supp. 812, 819–820 (W.D.N.C.), aff'd 337 F.2d 56 (4th Cir. 1964), cert. denied, 380 U.S. 914, 85 S.Ct. 900, 13 L.Ed.2d 800 (1965).

The judgment of the District Court dismissing these actions is affirmed.