FOREST HILLS EARLY LEARNING
CENTER, INC., et al.

v.

William LUKHARD, etc.

Civ. A. No. 80–0116–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 24, 1980.

John Vanderstar, Covington & Burling, Washington, D. C., Hullihen W. Moore, Dennis O. Laing, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for plaintiffs.

Martin A. Donlan, Jr., Asst. Atty. Gen. of Virginia, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs have filed a complaint practically indistinguishable from their prior complaint which was dismissed by the Court on 6 November 1979. *Forest Hills Early Learning Center, Inc. v. Lukhard*, 480 F.Supp. 636 (E.D.Va.1979). That decision was not appealed. The present complaint, like its predecessor, seeks a judgment that church-related day care centers should not be exempt from Virginia's statutory scheme for day care center regulation. Va.Code § 63.1–196 (Supp.1979).[1] Plaintiffs allege, as they did in their earlier complaint, that such exemption puts secular centers at a competitive disadvantage.

In the previous suit the plaintiffs, each of whom owns and operates a day care center

---

1. Va.Code § 63.1–196.3, subd. A (Supp.1979) provides, in pertinent part, that "a child-care center operated or conducted under the aus- pices of a religious institution shall be exempt from licensure as required by § 63.1–196."

that must meet State licensing requirements, averred that they anticipated injury from the exercise of the exemption option by church-related centers. The plaintiffs here allege the same fear of future injury, but add that they "are suffering . . . substantial injury because they have lost . . . customers to newly opened exempt centers." Complaint at ¶ 34. No particulars of such losses are given other than the allegation that an exempt center located "within a few blocks" of a center operated by an unspecified plaintiff "is able to charge and does charge lower rates than plaintiff's center."

 The Court is not impressed that the second complaint is legally distinguishable from the first complaint. In any event it is apparent from the face of both complaints that plaintiffs will be unable to show that they have suffered or will suffer injury because of the exemption provision, or that, given some injury, a judgment of this Court striking down the exemption privilege would bring relief. *See Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). Thus, as more fully explained in this Court's earlier opinion, the plaintiffs lack standing to sue and their complaint must be dismissed. *See Forest Hills Early Learning Center, Inc. v. Lukhard*, 480 F.Supp. 636 (E.D.Va.1979).

 A further reason why this action must be dismissed is that it is barred by the doctrine of *res judicata*. The defendant has failed to raise this plea, but such a failure does not preclude this Court's consideration of the issue. A Court may and, this Court believes, should notice *sua sponte* its own prior judgments to determine whether an action is barred for *res judicata*. *Hicks v. Holland*, 235 F.2d 183, 183 (6th Cir.) *cert. denied*, 352 U.S. 855, 77 S.Ct. 83, 1 L.Ed.2d 66 (1956); *accord, Gullo v. Veterans Cooperative Housing Association*, 269 F.2d 517, 517 (D.C. Cir. 1959). A dismissal for failure to state a claim is *res judicata* on the issue decided. *Carter v. Money Tree Co.*, 532 F.2d 113, 115 (8th Cir. 1976); 1B J. MOORE & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶¶ 0.405[5], 0.409[1] (2d ed. 1974). Here the prior but related complaint was dismissed for want of standing to sue and, as to that issue, it is *res judicata*. *See e. g., Essex v. Vinal*, 362 F.Supp. 372, 374 (D. Neb.1973). Accordingly, the complaint must be dismissed on account of this Court's prior judgment in *Forest Hills Early Learning Center, Inc. v. Lukhard*, 480 F.Supp. 636 (E.D.Va.1979).

An appropriate order shall issue.