**Arthur & Shirley POLLACK,**
**Plaintiffs-Appellants,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 86–1540.

United States Court of Appeals,
Sixth Circuit.

Argued March 31, 1987.

Decided May 19, 1987.

Gary Pollack (argued), Southfield, Mich., for plaintiffs-appellants.

Ross MacKenzie, Asst. U.S. Atty., Detroit, Mich., Michael L. Paup (Lead Counsel), Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., Richard Farber, John J. Boyle (argued), for defendant-appellee.

Before KEITH, KENNEDY and RYAN, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, Arthur and Shirley Pollack ("the taxpayers"), appeal from a judgment entered by the United States District Court for the Eastern District of Michigan on June 10, 1986, granting the Government's motion for summary judgment and dismissing the taxpayers' complaint with prejudice. We find that, although the taxpayers styled their complaint as a suit to quiet title to real property under 28 U.S.C. § 2410, they were actually seeking to establish the amount of interest owed them on an overpayment. Since a suit to quiet title is not the proper means for obtaining such relief, we hold that the District Court was without jurisdiction, and we REMAND the action to the District Court with instructions that it vacate its judgment and dismiss the complaint.

This appeal arises from a dispute between the taxpayers and the Commissioner of the Internal Revenue Service ("IRS") over the amount of interest due the taxpayers on their overpayment in income tax for the taxable year 1976. The overpayment arose from a net operating loss incurred by the taxpayers in 1979 which could be carried back to 1976. Taxpayers contended that the interest owed them by the Government on the overpayment was sufficient to reduce the deficiency they owed for the 1975 tax year to zero. The IRS disagreed and, in October, 1983, filed a Notice of Federal Tax Lien with the Register of Deeds in Wayne County, Michigan, placing a tax lien against certain property owned by the taxpayers.

On September 20, 1984, the taxpayers filed this action to quiet title to real property pursuant to 28 U.S.C. § 2410. They alleged that the IRS had miscalculated the statutory interest due them from their 1976 overpayment, and that their tax liability for 1975 was only $2,432.21, rather than the $9,207.50 claimed by the IRS. The taxpayers requested that the District Court "enter judgment determning [sic] that upon payment by Plaintiff [of] the sum of $2,432.21 the lien filed by Defendant ... has been fully satisfied and discharged and that Plaintiff holds title to his property free and clear of any lien in favor of Defendant." Joint Appendix at 8.

On June 5, 1986, the District Court issued an opinion from the bench, agreeing with the Government that 26 U.S.C. § 6611(f)(1) controlled the date on which interest began to accrue on the taxpayers' overpayment and granting summary judgment to the Government. The taxpayers thereafter paid the balance due on their 1975 assessment, and the lien on their property was discharged.

We do not address the merits of the taxpayers' appeal because we find that the District Court was without jurisdiction in this matter. Title 28 U.S.C. § 2410 provides, in pertinent part, that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." Thus, this section provides a limited waiver of the United States' sovereign immunity. A suit under 28 U.S.C. § 2410 is proper only to contest the procedural regularity of a lien; it may not be used to challenge the underlying tax liability. *See, e.g., Laino v. United States,* 633 F.2d 626, 633 n. 8 (2d Cir.1980); *Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935, 939 (3d Cir.1976); *Falik v. United States,* 343 F.2d 38, 40–43 (2d Cir.1965); *Broadwell v. United States,* 343 F.2d 470, 471 (4th Cir.), *cert. denied,* 382 U.S. 825, 86 S.Ct. 57, 15 L.Ed.2d 70 (1965).

Although the taxpayers attempt to characterize this action as a suit to quiet title so as to fall within the limited waiver

**146**

of sovereign immunity provided by 28 U.S.C. § 2410, it is clear to this Court that they were actually seeking to challenge the amount of their 1975 tax liability. The taxpayers did not contest the procedural regularity of the lien; rather, they wanted a declaratory judgment that upon payment of $2,432.21, rather than the $9,207.50 claimed by the IRS, the tax lien would be discharged. This relief is not available under section 2410, and the District Court was therefore without jurisdiction to hear the taxpayers' complaint.

Accordingly, the case is REMANDED to the District Court with instructions that it vacate its judgment and dismiss the taxpayers' complaint.