900 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES of America; Internal Revenue Service;
Lawrence B. Gibbs, Commissioner Internal Revenue Service;
William Palzkill, District Director Internal Revenue
Service; C.E. Smalley, Chief, Special Procedures Internal
Revenue Service; Stephen Peck, Agent Internal Revenue
Service; Defendants-Appellees,
Glen Bruce, Graves County Court Clerk; Donna Sexton, Graves
County Court Deed Clerk; General Tire, Inc., Defendants.
 No. 89-5740.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 David L. Williams is a pro se taxpayer who appeals the district court's order that denied his motion to reconsider the dismissal of a case that he had filed under 28 U.S.C. Sec. 1340 (Supp.1989) and 28 U.S.C. Sec. 2410 (1978). The appellees are the United States, the Internal Revenue Service and several I.R.S. employees who were sued in their official capacities. Williams's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Williams sought declaratory and injunctive relief to prevent these appellees from enforcing a levy on his wages and a lien on real property that he owned in Graves County, Kentucky. Williams also sued his employer as well as the county clerk and a records clerk in Graves County because they cooperated with the appellees in their attempt to collect his taxes.
 
 
 3
 On April 25, 1989, the district court entered an order that granted the defendants' motion to dismiss. On June 1, 1989, the court entered an order that denied Williams's timely motion to reconsider that dismissal under Fed.R.Civ.P. 59 (West 1989). Williams filed a timely notice of appeal from this second order on June 13, 1989. Williams now states that he is not challenging his underlying tax liability. Nevertheless, he maintains that the dismissal of his case was inappropriate because the appellees did not follow correct procedures when they placed a tax lien on his property.
 
 
 4
 In reviewing the denial of a motion under Fed.R.Civ.P. 59, this court generally considers only whether the district court abused its discretion by not changing its original order. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122-23 n. 5 (6th Cir.1982). However, a de novo review is appropriate when the district court bases its decision on an erroneous legal doctrine. Id. In the instant case, Williams now concedes that the court did not abuse its discretion by dismissing his employer and the clerks of Graves County.
 
 
 5
 However, a careful review of the complaint shows that Williams only requested declaratory and injunctive relief. Therefore, the district court should not have dismissed the defendants who were IRS employees on the basis of qualified immunity. See Littlejohn v. Rose, 768 F.2d 765, 772 (6th Cir.), cert. denied, 475 U.S. 1045 (1985). The qualified immunity defense is also inapposite because Williams sued the I.R.S. employees in their official capacities. Id.
 
 
 6
 "[A]ctions against parties in their official capacities are, essentially, actions against the entities for which the officers are agents." Id. Thus, Williams's complaint effectively presents a claim only against the United States insofar as it involves actions that were taken by the IRS and its employees as agents of the United States. See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir.1989); cf. 26 U.S.C. Sec. 7422(c) (1989). The IRS and its employees are properly dismissed from the case for this reason. See Deleeuw v. I.R.S., 681 F.Supp. 402, 403-04 (E.D.Mich.1987).
 
 
 7
 The United States is the proper party in interest in an action to quiet the title to Williams's property because the United States is the lien holder on that property. "It is well settled that the United States as a sovereign is immune from suit unless it expressly waived such immunity and that the bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants." Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (citations omitted). Sovereign immunity is not waived by the district court's general jurisdiction under 28 U.S.C. Sec. 1340. Essex v. Vinal, 499 F.2d 226, 231 (8th Cir.1974), cert. denied, 419 U.S. 1107 (1975). However, sovereign immunity is not a bar in the present case because 28 U.S.C. Sec. 2410 creates a limited waiver of immunity in cases that challenge the procedural regularity of a lien, rather than the amount of the underlying tax liability. See Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987).
 
 
 8
 The district court found that the gravamen of Williams's complaint was a challenge to the assessment of his taxes and that these taxes must be paid before the court would have jurisdiction over his case. See 26 U.S.C. Sec. 7422(a) (1989); Pollack, 819 F.2d at 145-46. However, Williams asserts that he did not challenge his underlying tax liability. Moreover, a review of his complaint shows that Williams challenged the procedural regularity of the defendants' lien on four separate grounds. These allegations are sufficient to support a waiver of immunity under 28 U.S.C. Sec. 2410 and to establish the court's jurisdiction despite the prepayment requirements of 26 U.S.C. Sec. 7422(a).
 
 
 9
 Williams first argues that the defendants failed to prepare a substitute return in calculating his tax liability. The IRS is authorized to prepare a substitute return for taxpayers who fail or refuse to submit returns on their own. 26 U.S.C. Sec. 6020(a) (1989). However, Williams's argument on this point is unavailing because the permissive language of Sec. 6020(a) did not require the defendants to prepare a return in his case. Cf. United States v. Verkuilen, 690 F.2d 648, 657 (7th Cir.1982).
 
 
 10
 Second, Williams argues that the defendants did not send him a "Notice of Deficiency" regarding his tax liability for 1983. See 26 U.S.C. Sec. 6212(a) (1989). However, the notice required by Sec. 6212(a) is sufficient "when it advises the taxpayer that the Commissioner has determined a deficiency, when it tells the taxpayer the amounts of the deficiency and the years involved, and when the taxpayer is informed of the basis of the Commissioner's action." Gaska v. Commissioner, 800 F.2d 633, 634 (6th Cir.1986). Williams has attached documentation from the IRS to his complaint that satisfies each of these requirements.
 
 
 11
 Third, Williams argues that the defendants did not send him a "Notice of Assessment and Demand" on IRS form 17a. See 26 U.S.C. Sec. 6303(a) (1989). However, the district court correctly held that Sec. 6303(a) does not require any particular form of notice. See Planned Investments, Inc. v. United States, 881 F.2d 340, 343-44 (6th Cir.1989). This type of notice is sufficient if it demands payment of a specific amount of tax. Id. The notices that Williams attached to his complaint appear to satisfy this requirement even though they were not prepared on form 17(a). Moreover, the notices appear to satisfy the equity requirements of due process because Williams was adequately advised of the basis of his tax liability and of his opportunities for appeal through his correspondence and meetings with the defendants. Cf. id.
 
 
 12
 Finally, Williams argues that the defendants did not prepare an appropriate assessment of his tax liability on IRS form 23(c). See 26 U.S.C. Sec. 6203 (1989). The district court correctly found that the defendants were not required to use this specific form. Cf. United States v. Berman, 825 F.2d 1053, 1055-56 (6th Cir.1987). However, the court did not make any findings as to whether the pleadings showed that a formal assessment had been made. Id.
 
 
 13
 The regulation that prescribes the method for making an assessment provides in pertinent part as follows:
 
 
 14
 The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment.
 
 
 15
 26 C.F.R. Sec. 301.6203-1 (1989); see also, Planned Investments Inc., 881 F.2d at 343. The appellees do not argue that such an assessment was made. Instead they argue that "[w]hile an assessment must be made before a lien can be filed or a levy served, ..., there is no requirement that a taxpayer receive a copy of the assessment before the IRS moves to collect the taxes due via the lien or levy procedures." See 26 U.S.C. Secs. 6231 and 6331 (1989). This argument is not sufficient to support a dismissal under Fed.R.Civ.P. 12(b) (West 1989). An appropriate assessment is a procedural prerequisite to a tax lien. Cf. Berman, 825 F.2d at 1055-56; United States v. Swarthout, 420 F.2d 831, 834-35 (6th Cir.1970). Williams's complaint raises an issue as to whether a proper assessment was made. His suit cannot be dismissed if this issue has not been resolved. Cf. Essex, 499 F.2d at 230-31.
 
 
 16
 In summary, Williams concedes that his employer and the county clerks were properly dismissed from this case. It was also proper to dismiss the IRS and its employees because the United States is the real party in interest in this case. The district court had jurisdiction under 28 U.S.C. Sec. 2410 despite the prepayment requirement of 26 U.S.C. Sec. 7422 because Williams challenged the procedural regularity of the defendants' lien rather than the validity of his underlying tax liability. While three of his procedural objections are without merit, his claim that the defendants did not prepare a formal assessment of his taxes is not clearly resolved by the record and is itself sufficient to defeat a motion by the United States to dismiss under Fed.R.Civ.P. 12(b).
 
 
 17
 For these reasons, the district court's order of dismissal is hereby affirmed with regards to all of the defendants except the United States, and vacated insofar as it dismisses the United States, and the case is hereby remanded for further proceedings. Rules 9(b)(5) & (6), Rules of the Sixth Circuit.