961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald E. PARKINSON, Plaintiff-Appellant,
v.
UNITED STATES; the Internal Revenue Service; John D. Rice;
Gary A. Blomberg; Robyn Lampkin; Seth G. Heald;
Bruce A. Settell; W. Bird; and
various Jane and/or John Does,
Defendants-Appellees.
 No. 91-4026.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's judgment dismissing his complaint. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Ronald E. Parkinson brought this action against the United States, the Internal Revenue Service, an attorney for the Tax Division, Department of Justice, and employees of the Internal Revenue Service. He listed twenty-two claims for relief.
 
 
 4
 Upon consideration of the complaint, defendants' motion to dismiss and Parkinson's motion for a preliminary injunction barring future attempts to assess or collect penalties, the district court found that the claims based on the 1982 tax return were barred under principles of res judicata. The district court further found that the quiet title action was barred by the Anti-injunction Act, 26 U.S.C. § 7421(a), and claims against the United States were barred by sovereign immunity. The complaint was dismissed.
 
 
 5
 Upon review, we conclude that dismissal was proper, although on somewhat different grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 6
 Parkinson's claims for declaratory and injunctive relief were properly dismissed. The Declaratory Judgment Act specifically prohibits declaratory judgments in matters relating to federal taxes. See 28 U.S.C. §§ 2201-2202. Parkinson's requests for injunctions prohibiting further enforcement of tax laws are barred by the Anti-injunction Act. See U.S.C. § 7421.
 
 
 7
 Parkinson also failed to state a claim for damages. Individual agents are not subject to suit for damages based on conduct taken within the scope of their employment. See 28 U.S.C. § 2679(b)(1). The Tax Division attorney named as a defendant is entitled to absolute immunity from suit for damages based on his role in the prior litigation. See Butz v. Economou, 438 U.S. 478, 512 (1976). Moreover, Parkinson is barred from bringing a suit for damages under the Federal Tort Claims Act for injuries arising from the assessment or collection of taxes. See 28 U.S.C. § 2680(c).
 
 
 8
 The district court did not err by dismissing the quiet title action. See Pollack v. United States, 819 F.2d 144, 146 (6th Cir.1987). Parkinson's claim that he is challenging the levy procedures, not the underlying tax liability, is not supported by the record.
 
 
 9
 Finally, Parkinson's claims for damages under the Privacy Act, 5 U.S.C. § 552a, were properly dismissed. He appears to confuse assessment procedures with Privacy Act requirements. He did not show that he was entitled to relief.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation