PARKINSON, APPELLANT, *v.* STRATTON, JUDGE, APPELLEE.

FENNER, APPELLEE, *v.* PARKINSON, APPELLANT.

[Cite as *Parkinson v. Stratton* (1993), 67 Ohio St.3d 98.]

(No. 92–2365—Submitted March 9, 1993—Decided August 11, 1993.)

*Ronald E. Parkinson, pro se.*

*Michael Miller*, Franklin County Prosecuting Attorney, and *Elizabeth A. Scott*, Assistant Prosecuting Attorney, for appellee Judge Evelyn J. Stratton.

---

*Per Curiam.* For reasons that follow, we affirm the judgment in case No. 91AP–1370. In case No. 92AP–445, the motion to certify the record is overruled and the claimed appeal as of right is dismissed as not involving a substantial constitutional question.

Appellant argues that the trial court had no jurisdiction to proceed with the action in forcible entry and detainer and to quiet title because the federal district court, which has concurrent jurisdiction, acquired that jurisdiction first. Even if we concede arguable concurrent jurisdiction in the federal district court for the limited purpose of an action to quiet title—see *Pollack v. United States* (C.A.6, 1987), 819 F.2d 144—by the time the court of appeals ruled on the complaint, both the federal district court and the Sixth Circuit Court of Appeals had held that the federal district court had no jurisdiction to hear the particular action. Accordingly, the court of appeals did not err by denying the writ of prohibition.

*Judgment affirmed*
*in case No. 91AP–1370.*

*Motion to certify the record overruled*
*in case No. 92AP–445.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.