Frank Angelo BRUNO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1420.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1976.

Decided Dec. 29, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 18, 1977.

William D. Cosgrove and John J. Cosgrove, Kansas City, Mo., for appellant.

Scott P. Crampton, Gilbert E. Andrews, William A. Friedlander and Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Frank Angelo Bruno appeals from a judgment of the district court * dismissing for want of subject matter jurisdiction his action under 28 U.S.C. § 1346(a)(1) for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected.

The facts may be summarized as follows. Plaintiff was arrested by officers of the Immigration and Naturalization Service on December 10, 1956, and placed in the custody of the sheriff of Harris County, Texas. Plaintiff claims that at the time of his arrest $753.00 in cash and bonds in the amount of $8,000.00 and $30,000.00 were taken from him and that these assets were seized by agents of the Internal Revenue Service on December 11. On that same date, plaintiff was deported to Italy. On February 21, 1957 the bonds were redeemed by the United States for $31,546.41 and applied to plaintiff's alleged federal tax liability. Plaintiff re-entered the United States illegally in May, 1970. He was convicted of unlawfully entering the United States, see *United States v. Bruno*, 328 F.Supp. 815 (W.D.Mo.1971), and on May 4, 1971, sentenced to three years imprisonment. In July, 1973 plaintiff was ordered to report for deportation, but Italy has thus far refused to accept him as a deportee.

On October 4, 1974 plaintiff filed with the District Director of Internal Revenue a claim for refund of the amounts seized in December, 1956 and, when that claim was disallowed, he filed this action in the district court under 28 U.S.C. § 1346(a)(1).[1] The district court found that plaintiff's administrative claim for refund, filed more than seventeen years after seizure of the

---

* The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

1. Section 1346(a)(1) reads as follows:

   (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

property, was untimely. The court concluded that in the absence of a timely claim for refund it was without subject matter jurisdiction and accordingly dismissed the action.

The district courts have jurisdiction under 28 U.S.C. § 1346(a) to try civil actions for the recovery of taxes that have been erroneously or illegally assessed or collected. A civil action for refund of federal income taxes may not be maintained, however, unless an administrative claim for refund has first been timely filed. In this connection, 26 U.S.C. § 7422(a) provides as follows:

(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

The timeliness requirements relevant to plaintiff's administrative claim for refund are set forth in § 6511 of the Internal Revenue Code of 1954, 26 U.S.C. § 6511,[2] and its predecessor, § 322(b)[3] of the Internal Revenue Code of 1939. Both sections require that administrative claims be filed within two years of payment of the tax, or within three years of filing of the return, whichever is later.

In this case, more than seventeen years elapsed between payment and the filing of the administrative claim for refund. Plain-

tiff contends, however, that he was under a legal disability within the meaning of 28 U.S.C. § 2401 from December, 1956 until May, 1970 while he was "beyond the seas" or, alternatively, until August, 1974 when he first learned of the redemption of the seized bonds. Section 2401 provides in pertinent part as follows:

(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. *The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.* (Emphasis added.)

It is plaintiff's theory that the language in § 2401 providing relief from limitation periods in civil actions generally is applicable to 26 U.S.C. § 6511.

■ We do not have to reach the question whether plaintiff was under a legal disability within the meaning of 28 U.S.C. § 2401, as we agree with the district court that § 2401 does not apply to actions for tax refunds, which are governed by the more specific period of limitation set forth in §§ 6511 and 7422 of the Internal Revenue Code of 1954. *See Ancel v. United States,* 398 F.2d 456, 458 (7th Cir. 1968).

■ It is fundamental that where, as in 28 U.S.C. § 1346(a)(1), the sovereign has waived its immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *See Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir. 1971); *Stepka v. United States,* 196 F.Supp. 184 (E.D.N.Y.1961) (§ 322(b) of the Internal Revenue Code of 1939 establishes an inflexible period of limi-

2. Section 6511 reads in pertinent part as follows:

(a) Period of limitation on filing claim.— Claim for credit or refund of an overpayment of any tax imposed by this title * * * shall be filed * * * within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever * * expires the later, * * *

3. Section 322(b)(1) provided as follows:

(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later.

tations on claims for refund, which is not tolled by mental incompetency of the taxpayer); 10 Mertens, *Law of Federal Income Taxation,* § 58A.02; *see also United States v. Michel,* 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931). Accordingly, the courts have uniformly held that § 7422(a) establishes a jurisdictional requirement that cannot be waived. The filing of a timely administrative claim for refund is a prerequisite to the bringing of a tax refund suit. *See Essex v. Vinal,* 499 F.2d 226, 231 (8th Cir. 1974); *Lewis v. Sandler,* 498 F.2d 395 (4th Cir. 1974); *Ancel v. United States, supra; Canton v. United States,* 388 F.2d 985 (8th Cir. 1968); *United States v. Rochelle,* 363 F.2d 225, 231 (5th Cir. 1966).

▪ Moreover, § 2401 is by its express terms applicable to civil actions in a court of competent jurisdiction, not to an administrative claim, as is involved here. That section can have no application here, even if we assume, arguendo, that plaintiff's claim filed with the District Director of Internal Revenue was a "civil action" against the United States within the meaning of § 2401. Generally, "statutes in derogation of sovereignty are strictly construed in favor of the sovereign." 3 Sands, *Sutherland Statutory Construction* § 70.03, at 302 (1974). In this context, the general language of 28 U.S.C. § 2401 must yield to the more specific terms of § 6511. *Cf. Taylor & Richards, Inc. v. Reconstruction Finance Corp.,* 193 F.2d 877 (Emer.Ct.App.1952) (§ 2401(a) inapplicable to claim for extra compensation meat subsidy governed by provision of Emergency Price Control Act): *Phoenix State Bank v. Bitgood,* 28 F.Supp. 899 (D.Conn.1939) (in actions against the United States for internal revenue taxes erroneously collected, the six year limitation prescribed in 28 U.S.C. § 41(20), predecessor of the present 28 U.S.C. § 2401, yields before the more specific limitation found in the Internal Revenue Code); *Christie-Street Commission Co. v. United States,* 126 F. 991 (C.C.W.D.Mo.1903) (statute providing generally for the bringing of suits against the United States within six years not applicable to action for recovery of taxes unlawfully collected).

▪ Plaintiff's claim that the federal doctrine of fraudulent concealment is applicable here is similarly without merit. Plaintiff argues, in effect, that he was excused from filing his claim within the period of limitations prescribed in § 6511 until he discovered in August, 1974 that the bonds had been redeemed and applied to payment of taxes allegedly owed. In *Kansas City, Missouri v. Federal Pacific Electric Co.,* 310 F.2d 271 (8th Cir. 1962), we stated that the doctrine of fraudulent concealment comprehends two elements—the use of fraudulent means by the party who raises the ban of the statute and successful concealment from the injured party. 310 F.2d at 278 n.9. It is plaintiff's theory that the government by its failure to respond to inquiries allegedly made by plaintiff personally and through counsel "fraudulently concealed" facts material to his cause of action.

Plaintiff concedes knowing in December, 1956 that his assets were being seized to pay federal income taxes allegedly owing at the time. An established defense to a claim of fraudulent concealment as a basis for tolling the period of limitations is that plaintiff knew or by the exercise of due diligence could have known that he might have a cause of action. *See, e.g., Emmett v. Eastern Dispensary & Casualty Hospital,* 130 U.S.App.D.C. 50, 396 F.2d 931, 938 (1967). The record shows that plaintiff was apprised of sufficient facts as early as December, 1956 to warrant filing a claim for refund under 26 U.S.C. § 7422.

For the foregoing reasons, the judgment is affirmed.