**Bill W. STARKEY and Jean Starkey, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 85–3032.**

United States District Court, W.D. Arkansas, Harrison Division.

Feb. 25, 1986.

David L. Osmon, Mountain Home, Ark., for plaintiffs.

Michael N. Wilcove, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

Before the court is the motion of the United States to dismiss plaintiffs' cause of action on grounds that the suit was not filed within the two-year period prescribed by the statute of limitations. 26 U.S.C. § 6532. In reply, plaintiffs argue that the United States should be equitably estopped from pleading the statute by virtue of the following facts: (1) That in January, 1983, the Starkeys filed a claim for refund with the IRS and asked that it be given an expedited denial so that the Director's interpretation of their business transaction could be tested in the district court; (2) accordingly, the Director wrote the plaintiffs on February 9, 1983, and denied their petition, advising them that they had two years in which to file a lawsuit challenging his action; (3) sometime between February and May, 1983, the plaintiffs learned that the Director of Internal Revenue had reversed an earlier Revenue Ruling which the examiner had cited in denying their claim; (4) they thereupon asked the examiner to reconsider his opinion, and in September, 1983, the examiner declined to alter his findings. The letter announcing the September ruling was identical to the one delivered in February, *i.e.*, the parties were advised that they had two years in which to file an action to recover the taxes alleged to have been excessively paid.

In June, 1984, plaintiffs filed their civil action. They never got service on the United States; indeed it does not appear that they even tried to. Accordingly, under the Rules of Civil Procedure and local rules, the action was dismissed on February 8, 1985. Five months after, plaintiffs filed their second action. This second filing is more than two years after the initial notification by the Director issued in February, 1983, but less than two years from his refusal to reconsider his decision in September, 1983.

This case presents two questions: (a) which notice by the Director effectively begins the period of limitations; (b) assuming the first notice is held to have begun the period of limitations, was its running "tolled" by the second letter in September, 1983. The second question must also be understood to ask *whether* the limitation contained in 26 U.S.C. § 6532(a) can be tolled for equitable reasons.

The first question is easily resolved under statute and case law. The Congress did not intend that taxpayers might file successive claims, successively to be denied, so as to extend the two-year period of limitation. 26 U.S.C. § 6532(a)(4). *See also Golden Gate Motor Inn, Inc. v. United States*, 27 A.F.T.R.2d 71–799 (E.D. N.Y.1971). The statutes require that a second submission raise a new claim, rather than submitting a renewed application with more detail, but stating the same grounds as the initial application.

It appears that the plaintiffs' claim, both in January, 1983, and in May, 1983, was the same; only their prospects for successful administrative resolution had improved because of a reversal of position on one point of their argument, a reference to which was directed to the examiner in the later submission. But a second claim, based on a change in the law, does not constitute a different claim for purposes of tolling section 6532's limitation, *Huettl v. United States*, 675 F.2d 239, 242 (9th Cir.1982). Under these circumstances, then, it appears that the initial denial, dated February 9, 1983, is the operative event from which the period of limitations should be computed. This determination is strengthened by the facts in this case. Plaintiffs deliberately submitted a sketchy initial claim because they wanted a speedy denial. Only later did they submit a detailed presentation. There is no sense in putting a taxpayer who files a detailed claim and requests an immediate disallowance in a worse position than one who submits a "bare bones" claim. It is also anomalous that one who requests that his claim be disallowed should argue that the administrative compliance with the request does not commence the two-year period.

The thornier question is whether the two-year period was tolled by the issuance of the September, 1983, denial, whose cover letter informed the Starkeys that they had two years in which to institute their civil action. As the government suggests, the United States is immune from suit, save when it has consented to be sued. The section which waived the government's immunity in this type of action, 26 U.S.C. § 6532, also prescribed the two-year limitation period in these words: "No suit ... shall be begun ... after the expiration of 2 years from the date of mailing ... by the Secretary or his delegate...." The general rule is that where the government consents by statute to be sued, the filing of an action against it must comply with all prerequisites. That is, the judiciary is loathe to enlarge the government's consent to be sued which the government, through Congress, has undertaken so carefully to limit. *See United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The limitations are to be strictly construed and exceptions are not to be implied. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Where a statute creates a right and supplies limitations, time is an indispensable condition of the liability, *The Harrisburg v. Richards*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886). Such a limitation is said to be jurisdictional and not, therefore, subject to being extended.

A separate order in accordance with the above will be contemporaneously entered.