Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' complaint be and it is granted subject to the conditions stated in the Court's memorandum.

IT IS FURTHER ORDERED that defendants shall notify the Court, in writing and no later than thirty (30) days from this date, of their consent to the aforementioned conditions.

IT IS FURTHER ORDERED that the dismissal of this action shall take effect at such time as defendants file with the Court proof of their consent to these conditions.

**Ernest C. WILLIAMS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–0390–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

March 11, 1988.

Ernest C. Williams, Jefferson City, Mo., pro se.

Loren B. Mark and Michael E. Quigley, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

WHIPPLE, District Judge.

Before the court is defendant's motion to dismiss, filed December 16, 1987. Pursuant to the court's show cause order entered February 17, 1988, plaintiff filed suggestions in opposition to the defendant's motion to dismiss on February 29, 1988, *pro se*. Plaintiff is incarcerated at the Missouri State Penitentiary.

This lawsuit was initiated by the plaintiff, Ernest C. Williams, to obtain a refund of federal income taxes for the year 1980. Plaintiff also seeks general damages and punitive damages. As stated in plaintiff's suggestions in opposition to defendant's motion, plaintiff brought this action alleging that defendant violated several of his constitutional rights when it wrongfully paid his income tax refund to Pamela A. Williams, his ex-wife, without his knowledge or consent and without employing the normal safeguards to prevent such actions. Plaintiff alleges that his imprisonment, since January 8, 1981, prevented him from filing a claim for his 1980 tax refund until September 22, 1986, and that he did not obtain knowledge of his ex-wife's actions concerning his refund until January of 1987. Therefore plaintiff claims that defendant's actions and/or omissions caused him to suffer a deprivation of a federally protected right under the Fifth Amendment —i.e., that he was deprived of property without due process of law.

In 1980, the sum of $932.91 was withheld from plaintiff's wages for federal income taxes. Plaintiff alleges that he is entitled to this refund reflected in the 1980 form 1040 which he filed on September 22, 1986, and that he has not received that refund. Plaintiff also alleges constitutional and tort claims arising from matters relating to his 1980 federal income tax return.

■ Plaintiff's complaint alleges that in 1981 the plaintiff's former wife filed a 1980 income tax return in his name and obtained payment of his tax refund for 1980. Plaintiff further alleges that his former wife had no authority to file a 1980 return or obtain a refund on his behalf. However, attached to plaintiff's opposition to defendant's answer is a document labeled "Exhibit 2," entitled "Power of Attorney," which appears to be a general power of attorney executed by the plaintiff on January 27, 1981, in favor of his former wife. Therefore, if plaintiff's former wife did file his 1980 return and obtain the refund she apparently had authority to do so. From this perspective, a timely return was filed and a refund paid; therefore, there would be no basis for the instant refund suit.

The United States has moved to dismiss plaintiff's complaint on grounds of lack of subject matter jurisdiction. Defendant contends that the allegations regarding the filing of an unauthorized return are immaterial. Defendant alleges that this court lacks subject matter jurisdiction as plaintiff failed to file a timely claim for refund and therefore, there is no jurisdiction over the instant suit for the tax refund.

■ With respect to claims for refund of federal income taxes, jurisdiction is found in 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a). Section 7422(a) requires that a claim for refund be filed with the Secretary of Treasury before suit for refund is commenced. This section further requires that the claim for refund be filed in accordance with the regulations established by the Secretary (i.e., Treasury Regulations). Accordingly, in order to obtain jurisdiction a plaintiff must first have filed a timely claim for refund.

■ Claims for refund are covered by Chapter 65 of the Internal Revenue Code (26 U.S.C.) and corresponding Treasury Regulations. The Treasury Regulations provide that a properly executed individual income tax return shall constitute a claim for refund within the meaning of §§ 6402 and 6511 of the Internal Revenue Code. Treasury Regulation 301.6402–3(5). With respect to the period of limitation for filing a claim for refund, § 6511(a) provides in pertinent part as follows:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed within three years from the time the

return was filed, or two years from the time the tax was paid, whichever of such periods expires the latter, or if no return was filed by the taxpayer, within two years from the date the tax was paid....

In the instant case, plaintiff has alleged that he did not file his 1980 return until 1986. Thus, by his own admission, no timely claim for refund was filed by the plaintiff. In plaintiff's suggestions in opposition, plaintiff advances the argument that his imprisonment prevented him from filing a claim for his 1980 tax refund until September 22, 1986. Plaintiff does not explain how or why his imprisonment would prevent the timely filing of his refund. The mere fact that plaintiff was incarcerated does not excuse the failure to timely file. The basic jurisdictional prerequisite to a refund suit is amply supported by case law. *See, Bruno v. United States*, 547 F.2d 71, 73 (8th Cir.1976); *Henderson v. IRS*, 75–2 USTC ¶ 9668, 1975 WL 669 (E.D.Mich. 1975). Although plaintiff has filed this suit *pro se*, and it is understandable that he may fail to specifically plead a statutory basis for jurisdiction, plaintiff has been given the opportunity to respond and still has failed to establish proper jurisdiction for the refund suit.

 ▄▄▄ Plaintiff has also prayed for general and punitive damages against the United States. Apparently this relief is based on plaintiff's allegations of constitutional violations and tortious injury by the defendant. Defendant also seeks dismissal of these claims based on lack of jurisdiction. It is well established that the United States may not be sued unless it is consented by statute. *Lehman v. Nakshain*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed. 2d 548 (1986); *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1981). Statutes granting consent to sue (i.e., waivers of sovereign immunity), are very strictly construed in determining whether jurisdiction exists. *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). These requirements apply to any suit against the government, including those which allege constitutional violations. *See, Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.

1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *Hohri v. United States*, 782 F.2d 227, 245 (D.C.Cir.1986). Plaintiff has failed to allege any statutory basis for his constitutional claim against the United States.

With respect to his claims of tortious injury, plaintiff has also failed to establish the jurisdictional prerequisites for suing the government. The statutory provisions regarding waiver of sovereign immunity for tort suits are contained in 28 U.S.C. §§ 1346(b) and 2671–2680 (the Federal Tort Claims Act "FTCA"). The FTCA requires a claimant to file an administrative claim before a lawsuit may be brought in federal district court. 28 U.S.C. § 2675; *Robinson v. United States*, 342 F.Supp. 381 (E.D.Pa. 1972).

With the motion to dismiss, the defendant has submitted the declaration of the federal employee responsible for processing administrative tort claims arising out of activities of the Internal Revenue Service. According to the declaration, no administrative claim has been filed by the plaintiff prior to the filing of this lawsuit. The fact that no administrative claim was filed and the fact that the events upon which plaintiff asserts his tort claim occurred happened more than two years before the suit was filed indicate that plaintiff's tort claim is time barred by the FTCA statute of limitations. 28 U.S.C. § 2675; *Robinson v. United States, supra* at 383–84.

Therefore it is clear from the record and pleadings on file that plaintiff's entire complaint is subject to dismissal for lack of jurisdiction.

In plaintiff's suggestions in opposition to defendant's motion, plaintiff states that if his case is subject to dismissal, the court should not do so because a proper cause of action might be brought against the individual federal officers which created and/or caused the injuries plaintiff suffers. Plaintiff bases this contention on *Bivens v. 6 Unknown Named Agents of the Federal Narcotics Bureau*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The court finds this contention unpersuasive as to the

motion currently pending before it. However, the court notes that it is readily apparent from the allegations contained in plaintiff's complaint that the injury plaintiff is really complaining of is that his 1980 refund was obtained by his former wife. Again, from the exhibit submitted by the plaintiff himself, the power of attorney which plaintiff executed in favor of his wife in January of 1981, did give his former wife authority to file and obtain the 1980 tax refund. This indicates that if plaintiff has a cause of action at all, his recourse should be against his former wife and not against the defendant herein.

■ It is apparent from the pleadings that plaintiff has failed to meet the jurisdictional requirements for maintaining a suit for his 1980 tax refund. As for the constitutional claim, plaintiff has provided no adequate statutory basis for jurisdiction against the United States. Finally, plaintiff's tort claim also lacks jurisdictional foundation as plaintiff has failed to abide by the express statutory requirements for asserting a tort claim. The plaintiff's pro se status may entitle him to some lesser standard regarding the technicality of pleading, however plaintiff must still show sufficient jurisdictional grounds for each cause of action in his complaint. Given the plaintiff's complaint and his suggestions in opposition to defendant's motion to dismiss, it is clearly demonstrated that there is no adequate foundation for subject matter jurisdiction regarding the constitutional and tort claims, nor the suit for refund. Accordingly,

Defendant's motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety, with prejudice, for want of subject matter jurisdiction.