**Ray E. VINTILLA & Carla M. Vintilla, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 87–1107–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

May 11, 1990.

John R. Vintilla, Cleveland, Ohio, for plaintiffs.

Mark Stier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for defendant.

## ORDER

G. KENDALL SHARP, District Judge.

Plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment are before the court for reconsideration. After reviewing the case file and the pertinent law, the court denies plaintiffs' motion and grants defendant's cross-motion.

### I. Facts

Plaintiff Ray E. Vintilla is a former management employee of Orinoco Mining Company, a Venezuelan subsidiary of the United States Steel Corporation. After Orinoco Mining terminated Mr. Vintilla's employment, United States Steel paid him a severance benefit known as "cesantia" and "antiguedades" (C & A), which Venezuelan law required to be paid as part of an employee's compensation package. United States Steel paid Mr. Vintilla the C & A severance benefit in one installment. United States Steel treated the C & A money as an advance payment of Mr. Vintilla's retirement benefit. United States Steel recouped the C & A money on a monthly basis by withholding an amount equal to Mr. Vintilla's monthly pension benefits. After recovering the full amount of the C & A payment, United States Steel would begin paying Mr. Vintilla his regular pension benefits.

Dissatisfied with United States Steel's payment scheme, Mr. Vintilla and twenty-four other management employees of Orinoco Mining challenged United States Steel's right to recover the C & A benefits. Mr. Vintilla and the others sued in a federal district court to have United States Steel enjoined from deducting the C & A money from their pension benefits. The district court ruled in favor of United States Steel and its policy of withholding pension benefits until it completely recovered the C & A payments. The Third Circuit Court of Appeals affirmed the district court's order, and the United States Supreme Court denied both the petition for a writ of certiorari and the petition for a rehearing. *Vintilla v. United States Steel,* 606 F.Supp. 640 (W.D.Penn.1985), *aff'd,* 782 F.2d 1033 (3d Cir.), *cert. denied,* 475 U.S. 1141, 106 S.Ct. 1791, 90 L.Ed.2d 337 (1986). During the course of Mr. Vintilla's pension litigation, the Internal Revenue Service (IRS) determined that he and his wife had failed to declare the 1978 C & A payment as income for that year. Thus, the IRS assessed a deficiency against plaintiffs in the amount of $95,062.95, including interest and penalties. Plaintiffs paid the amount on January 5, 1983.

In July 1987, soon after the Supreme Court had denied Mr. Vintilla's petitions in the pension litigation, plaintiffs claimed a refund from the IRS for the assessment, interest, and penalties paid. Because the IRS did not respond to plaintiffs' claim, they filed suit in this court in December 1987. In their complaint, plaintiffs allege "that defendant erroneously treated the C & A benefit as taxable income despite the factual reality judicially established that the lump-sum payment of C & A has been and is being properly recouped by the payor." Instead of being taxed all at once for the C & A payment, plaintiffs claim they should have been taxed only on the monthly pension benefits United States Steel withheld and credited toward the recovery of the C & A payment. On these grounds, plaintiffs move for summary judgment. Defendant also moves for summary judgment and maintains that this court lacks subject matter jurisdiction over the action because plaintiffs did not file their suit in accordance with the pertinent statutes.

### II. Legal Analysis

#### A. *Standard for Summary Judgment*

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R. Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510; *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The moving party bears the burden of proving that no genuine issue of material fact exists. *See Anderson,* 477 U.S. at 248–50, 106 S.Ct. at 2510–11; *Celotex,* 477 U.S. at 324–25, 106 S.Ct. at 2553–54. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether the moving party has satisfied the burden, all inferences drawn from the underlying facts are considered in a light most favorable to the party opposing the motion, and all reasonable doubts are resolved against the moving party. *Id.* at 255, 106 S.Ct. at 2513–14; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As the United States Supreme Court has stated, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. In order for a triable issue to surface, enough evidence must appear in the favor of the non-moving party to cause a jury to return a verdict for that party. *Id.* at 249–50, 106 S.Ct. at 2510–11. Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... The moving party is[, therefore,] 'entitled to a judgment as a

matter of law'...." *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

## B. *Jurisdiction*

■ The issue before this court is whether it has jurisdiction under 28 U.S.C. § 1346(a)(1) (1988) to try this civil action for the recovery of the taxes plaintiffs claim have been erroneously or illegally assessed and collected. To invoke this court's jurisdiction, plaintiffs had to fulfill three procedural requirements. First, plaintiffs had to file an administrative refund claim with the Secretary of the Treasury before suing in this court. 26 U.S.C. § 7422(a) (1988). Second, plaintiffs had to file their refund claim either within three years after the return was filed or within two years after the tax was paid. *Id.* § 6511(a) (1988). Third, plaintiffs had to commence this refund suit either within two years from the time the IRS rejected their refund claim or after six months from the time the refund claim was filed. *Id.* § 6532(a)(1) (1988).

■ Plaintiffs did not comply with the statutory requirements. They paid the assessed income tax deficiency in January 1983. The two-year statutory period gave them until January 1985 to file an administrative refund claim with the IRS. They did not file their administrative claim until July 1987, more than two years after the period of limitations had expired. Owing to plaintiffs' failure to satisfy the statutory time requirements, this court is without jurisdiction to hear their suit for the recovery of their taxes. *See United States v. Dalm,* 494 U.S. 596, ——, 110 S.Ct. 1361, 1365, 108 L.Ed.2d 548 (1990); *King v. United States,* 789 F.2d 883, 884 (11th Cir.1986) (per curiam). As such, this court grants defendant's cross-motion for summary judgment. Because this court lacks jurisdiction, it cannot reach the issues presented in plaintiffs' motion for summary judgment and must, therefore, deny that motion. "The very purpose of statutes of limitation in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious."

*Dalm,* 494 U.S. at ——, 110 S.Ct. at 1369 n. 7.

### C. Plaintiffs' Arguments Against Summary Judgment

#### 1. Reasonableness of Delay.

Plaintiffs suggest that this court construe the subject income tax statutes flexibly by considering the reasons for their delay in filing. Plaintiffs argue that they did not file an administrative refund claim during the pension litigation, because the tax status of the C & A was unknown at the time. Consequently, they filed their refund claim immediately after the pension litigation concluded.

In spite of plaintiffs' reasons for not filing, they were still required to file their refund claim within the two-year statutory period to toll the statute of limitations. *See Kreiger v. United States,* 539 F.2d 317, 320–22 (3d Cir.1976); *Starkey v. United States,* 635 F.Supp. 1007, 1009 (W.D.Ark 1986); 26 U.S.C. §§ 6511(a)–(b), 7422(a). Plaintiffs could have tolled the statute of limitations by filing either a formal or an informal refund claim within the time period to notify the IRS that they thought their taxes had been erroneously assessed and that they planned to seek a refund of those taxes depending on the outcome of the pension litigation. *See, e.g., United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941); *Estate of Hale v. United States,* 876 F.2d 1258, 1262–64 (6th Cir.1989); *Swietlik v. United States,* 779 F.2d 1306, 1307 (7th Cir.1985); *O'Brien v. United States,* 766 F.2d 1038, 1041 n. 3 (7th Cir.1985). Absent a filed refund claim, the statute of limitations kept running throughout Mr. Vintilla's pension litigation.

#### 2. Equitable Factors.

Plaintiffs also suggest that this court construe the statutes loosely in light of the equitable factors involved in this lawsuit. Unlike the other Orinoco Mining employees, plaintiffs were taxed in one lump sum for the C & A payment. As a result, they paid the IRS close to $100,000.00 in taxes, penalties, and interest. Plaintiffs allege that the others who received the C & A

benefit were not taxed on that money in like manner; they were taxed only on their monthly pension benefits that United States Steel withheld and applied toward the recovery of the entire C & A payment.

■ Yet, even though the equitable considerations weigh heavily in plaintiffs' favor, the law and the facts are against them. Courts strictly enforce the statute of limitations dealing with taxation. *See Bruno v. United States,* 547 F.2d 71, 73–74 (8th Cir.1976). The general principles of equity do not supersede the statutory requirements for the timely filing of an administrative refund claim. *Republic Petro. Corp. v. United States,* 613 F.2d 518, 527 (5th Cir.1980). For example, courts have not waived the statutory period in cases of mental incompetency, *Stepka v. United States,* 196 F.Supp. 184 (E.D.N.Y.1961), and in cases of imprisonment. *Williams v. United States,* 715 F.Supp. 272 (W.D.Mo. 1988).

■ Because jurisdiction under the statutes in question waives the United States sovereign immunity, this court must strictly observe the limitations and conditions of those statutes. *Soriano v. United States,* 352 U.S. 270, 275–76, 77 S.Ct. 269, 272–73, 1 L.Ed.2d 306 (1957); *United States v. Michel,* 282 U.S. 656, 659–60, 51 S.Ct. 284, 285–86, 75 L.Ed. 598 (1931). Exceptions to the limitations and conditions of the statutes are not to be implied. *Soriano,* 352 U.S. at 276, 77 S.Ct. at 273. Congress is "entitled to assume that the limitation period it prescribed meant just that period and no more." *Id.* The statutes clearly set forth the period of limitations and neither this court nor the taxpayer may enlarge that period beyond what Congress has prescribed. *First Nat'l Bank v. United States,* 226 F.Supp. 166, 168 (S.D.Fla.1963), *aff'd,* 341 F.2d 737 (5th Cir.1965). "Unlike general statutes of limitation which govern independently existing causes of action between private parties, the timeliness requirement at issue here is not procedural, or 'remedial,' but jurisdictional." *Kreiger,* 539 F.2d at 321. The jurisdictional requirement cannot be waived. *United States v.*

*Rochelle,* 363 F.2d 225, 231 (5th Cir.1966). Although plaintiffs' failure to satisfy the statute of limitations has probably brought them hardship, "the alleviation of that hardship is a matter of policy for the Congress." *Kaltreider Constr., Inc. v. United States,* 303 F.2d 366, 368–69 (3d Cir.), *cert. denied,* 371 U.S. 877, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962). It is not a matter for this court.

### III. Conclusion

Defendant has shown that the undisputed facts and the reasonable inferences drawn therefrom do not establish a genuine issue of material fact that would warrant bringing this lawsuit to trial. Because plaintiffs did not file an administrative refund claim in accordance with 26 U.S.C. §§ 6511(a), 7422(a), this court is without jurisdiction and is barred from hearing the merits of the case. Therefore, as a matter of law, this court DENIES plaintiffs' motion for summary judgment and GRANTS defendant's cross-motion for summary judgment.

It is SO ORDERED.