**Michael E. COOLMAN, Plaintiff,**

v.

**UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE and Barbara Donahoo, Defendants.**

**No. 8:99CV471.**

United States District Court, D. Nebraska.

April 26, 2000.

Michael E. Coolman, Syracuse, NE, Pro se.

Evan J. Davis, U.S. Department of Justice, Tax Division, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on Magistrate Judge Thalken's Report and Recommendation (filing 7) on the Defendant's motion to dismiss petition (filing 2), and the Plaintiff's objections to the report and recommendation (filing 8). Pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's findings and recommendations to which objections have been made, and finds that the objections should be overruled and the report and recommendation adopted.

On November 5, 1999, the Plaintiff filed suit against the IRS and one of its agents claiming his Fifth Amendment rights would be violated if he were forced to sign a tax return under the penalty of perjury. Within the suit, the Plaintiff prayed for an order finding he was not required to, nor could be compelled to, sign a tax return or any document under the penalty of perjury because it would infringe upon and waive his Fifth Amendment rights against self incrimination, that any investigation or fine by the IRS be prohibited, and that any property the IRS possessed pertaining to him be returned. The Defendants filed a motion to dismiss on January 18, 2000 in which they claim that the suit is one against the United States, and argue that the relief sought is barred because the United States has not waived its sovereign immunity and it violates the Anti–Injunction Act and the Declaratory Judgment Act. This Court referred the motion to Magistrate Judge Thalken and he issued a report and recommendation in which he recommended that the Defendants' motion to dismiss be granted. Specifically, the magistrate judge found that the United States was the proper party, and that neither the Administrative Procedures Act (APA) nor any other statute waived the United States' sovereign immunity. Thus, he concluded that this Court lacked subject matter jurisdiction. In response, the Plaintiff has filed objections to the report and recommendation.

The Plaintiff claims that this Court does have subject matter jurisdiction, and that he "has not brought this action to restrain the assessment and collection of (income) taxes. Petitioner has brought this action to restrain the collection of petitioner's signature, which is mandated by law at 26 U.S.S. [sic] § 6051 to be had by the Secretary, and which respondent seeks by compelling measurers, pursuant to or under

penalty of perjury, and where once obtained, such signature subjects petitioner to 26 U.S.C. § 7206 prosecution, directly, for 'willfully signing' such form, if the statements contained therein are examined and found to be not true, or in any variation thereof." In short, the Plaintiff claims that he is not required to sign a tax return as it might incriminate him in violation of his Fifth Amendment rights. Furthermore, he claims, in light of the entire tax code, it would be impossible to know if everything within the tax return was correct. This Court finds that the magistrate was correct in that this Court lacks jurisdiction because there has not been a waiver of the United States' sovereign immunity, and further finds that the Plaintiff is incorrect in his belief that the Fifth Amendment does not require him to sign his tax return since such signature is under the "threat" of perjury.

This Court recognizes that the United States is " 'immune from suit, [unless] it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (*quoting United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The United States' consent to suit, however, must be unequivocally expressed. *In re Russell,* 155 F.3d 1012, 1012 (8th Cir.1998). In the present action the Plaintiff claims that the United States' sovereign immunity is waived by § 702 of the APA. This Court finds that the APA does, in certain circumstances, create a waiver of the Government's sovereign immunity but does not find that to be the case here. As stated in *Hughes v. United States,* 953 F.2d 531, 537 (9th Cir.1992), the APA's waiver of the United States' sovereign immunity has an exception and that is if another statute expressly or impliedly forbids the relief sought. Statutes which often forbid the relief a plaintiff seeks in tax cases is the Anti–Injunction Act, 26 U.S.C. § 7421, and

the Declaratory Judgment Act, 28 U.S.C. § 2201. *Hughes,* 953 F.2d at 537; *Fostvedt v. United States,* 978 F.2d 1201, 1203–04 (10th Cir.1992), *cert. denied* 507 U.S. 988, 113 S.Ct. 1589, 123 L.Ed.2d 155 (1993); *Humphreys v. United States,* 62 F.3d 667, 672 (5th Cir.1995). The magistrate judge in the case at bar properly recognized that both the Anti–Injunction Act and the Declaratory Judgement Act barred the present suit. The magistrate also found that the exception to the Anti–Injunction Act, *See O'Hagan v. United States,* 86 F.3d 776, 778–79 (8th Cir.1996), did not apply because the Plaintiff was not able to show that the government could not prevail, or that either he would suffer irreparable harm or that no adequate remedy at law existed. Specifically, the magistrate found that the Fifth Amendment did not excuse an individual from filing a tax return. As noted above, however, the Plaintiff does not dispute the government's ability to collect taxes or an individual's obligation to file a tax return, but does protest the signature under the penalty of perjury requirement. This Court finds this argument does not change the magistrate judge's conclusions because the Fifth Amendment does not give an individual the right to refuse to sign a tax return. *Hettig v. United States,* 845 F.2d 794, 795 (8th Cir.1988); *Borgeson v. United States,* 757 F.2d 1071, 1072–73 (10th Cir.1985); *Buck v. United States,* 967 F.2d 1060, 1061 (5th Cir.1992), *cert. denied* 506 U.S. 1082, 113 S.Ct. 1052, 122 L.Ed.2d 360 (1993).

As a result of the above case law and those cited within the magistrate judge's report and recommendation, this Court finds that the United States' sovereign immunity has not been waived and this Court lacks jurisdiction. Consequently, this case will be dismissed.

IT IS ORDERED:

1. Magistrate Judge Thalken's Report and Recommendation (filing 7) is adopted;

2. The Defendants' motion to dismiss (filing 2) is granted;

3. The Plaintiff's objections to the report and recommendation (filing 8) are overruled; and

4. Separate judgment will be entered dismissing this case.

## REPORT AND RECOMMENDATION .

THALKEN, United States Magistrate Judge.

This matter comes before the court on the defendants' motion to dismiss (Filing No. 2). The plaintiff filed a "petition for writ of prohibition and/or mandamus" on November 5, 1999 (Filing No. 1). The motion to dismiss has been referred by District Judge William G. Cambridge for preparation of a Report and Recommendation. The court finds the defendants are immune from suit and the defendants' motion to dismiss should be granted.

## BACKGROUND

The plaintiff filed a document entitled "petition for writ of prohibition and/or mandamus," in which he asks the court to find that the plaintiff cannot be compelled by the defendants to sign Internal Revenue Service (IRS) tax form 1040 because signing the form would violate his Fifth Amendment privilege against self-incrimination (Filing No. 1). The plaintiff invokes this court's jurisdiction pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331. Named as defendants are the United States of America Internal Revenue Service and Barbara Donahoo, a tax auditor with the IRS.

The plaintiff notes all Form 1040 tax forms contain a declaration of a penalty of perjury, the Internal Revenue Code (IRC) provides that any person who willfully fails to file a tax form is guilty of a misdemeanor, and any person who willfully makes a false statement on the form is guilty of a felony. The plaintiff asserts that, under the Fifth Amendment, he cannot be compelled to fill out any Form 1040 because, if the plaintiff signs the form, he may be subject to perjury for any false statement made on the form. Because there are no exceptions to the Fifth Amendment, the plaintiff asserts he cannot be charged with failure to submit a written statement or tax return.

The plaintiff asks the court to 1) issue a writ finding that the Fifth Amendment privilege against self-incrimination protects him from being compelled to file any written statement or tax form which contains a penalty of perjury clause; 2) order the prohibition of any investigation into the plaintiff's refusal to file a tax form because the United States cannot prevail against him; and 3) order the immediate return of any property in the possession of the IRS which was obtained to investigate the plaintiff.

Attached to the "petition" is a copy of a letter sent to the plaintiff by defendant Donahoo on June 3, 1999, which states the plaintiff has not filed any tax returns for tax years 1993 through 1997. Also attached is an affidavit of the plaintiff, in which he states he has not and will not sign any tax form because he cannot sign the form without waiving his Fifth Amendment privilege against self-incrimination.

## DISCUSSION

The defendants' motion to dismiss asserts the action must be dismissed because the United States is immune from suit based on sovereign immunity and defendants IRS and Donahoo are not subject to suit (Filing No. 2).

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) allow the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Upon such a motion, the court must construe the allegations in the complaint in the light most favorable to the plaintiff and should not approve dismissal of the complaint for failure to state a claim unless "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [the] claim which would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). See also *Midwestern Machinery, Inc. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). Pro

se complaints are entitled to a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The court finds the motion to dismiss should be granted because the petition fails to state a claim upon which relief may be granted. The court agrees with the defendants' contention that defendants Donahoo and IRS are not proper parties to a lawsuit and they should be dismissed.

■ A suit against an IRS revenue officer for actions taken in her official capacity is in effect a suit against the United States. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). "[R]elief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *State of Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963). The relief sought by the plaintiff includes a court order directing the IRS to stop any investigation into his failure to submit a tax form, a finding that the plaintiff cannot be required to submit a tax form, and an order requiring the IRS to return any property it has obtained in its investigation of the plaintiff's failure to file tax forms. If the court granted any of these requests, the relief could only be granted by the United States. The suit against Donahoo in her official capacity is a suit against the government and the suit against her must be dismissed.

■ A suit, against Donahoo in her individual capacity may be possible as a *Bivens* action, which allows suits against federal officers for violations of individual constitutional rights and to provide a method for award of damages where a plaintiff would have no other remedy. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, the plaintiff has not specified any actions taken by Donahoo which would subject her to liability. Also, as in *Essex v. Vinal,* 499 F.2d 226 (8th Cir.1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975), the plaintiff is not suing to recover damages for an agent's personal actions. Rather, the plaintiff is attempting to obtain a court order which states that the plaintiff cannot be compelled to submit a tax form. "The relief sought is, in fact, relief against the United States for alleged wrongs committed by its subordinate officials and as such is barred [by sovereign immunity], absent an effective waiver." *Essex,* 499 F.2d at 229.

■ The court also finds the action against the IRS should be dismissed because the agency is not an entity which is subject to suit. See *Krouse v. United States Gov't Treasury Dep't IRS,* 380 F.Supp. 219, 221 (C.D.Cal.1974), citing *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). "When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar,* 342 U.S. at 515, 72 S.Ct. at 412. "Absent express statutory consent to sue, dismissal is required." *Gilbert,* 756 F.2d at 1458. Congress has not provided the IRS may be sued in its own name. Defendants Donahoo and the IRS should be dismissed because they are not proper parties to the action.

That leaves the United States as the sole defendant. The court agrees with the defendants' assertion that, as a sovereign, the United States is immune from suit unless federal statute specifically authorizes the action. *Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260, 119 S.Ct. 687, 690, 142 L.Ed.2d 718 (1999); *Chernin v. United States,* 149 F.3d 805, 813 (8th Cir.1998). Any waiver of immunity must be unequivocal. *In re Russell,* 155 F.3d 1012, 1012 (8th Cir.1998).

■ A waiver of sovereign immunity may be found in statute, *Bruno v. United States,* 547 F.2d 71, 73 (8th Cir.1976), but the plaintiff has not cited any statutes which provide for a waiver of sovereign immunity. The plaintiff invokes the

court's jurisdiction over a federal question pursuant to 28 U.S.C. § 1331. However, sovereign immunity is not waived by general jurisdictional statutes like 28 U.S.C. § 1331. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir.1990). The plaintiff also invokes jurisdiction pursuant to 5 U.S.C. § 702, a part of the Administrative Procedures Act (APA). This jurisdictional claim also fails because the APA is not a grant of jurisdiction for review of agency actions. *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). The APA does not provide "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702(2); *Lonsdale*, 919 F.2d at 1444. There is no specific authorization in the APA for suit against a government agency as an entity. *Blackmar*, 342 U.S. at 515, 72 S.Ct. 410, 412, 96 L.Ed. 534. This court has no jurisdiction over the cause based on the APA.

■ The court's jurisdiction is also barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits to restrain the assessment or collection of taxes. *O'Hagan v. United States*, 86 F.3d 776, 778 (8th Cir.1996). The United States Supreme Court has held that the Act should be liberally construed to protect the government's need to assess and collect taxes without judicial interference. *Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). The ban against judicial interference applies to activities which are intended to or may culminate in the assessment or collection of taxes. *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir.1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).

The petition also fails to meet the requirements for a pre-enforcement injunction as specified in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962). The U.S. Supreme Court held that a pre-enforcement injunction against the assessment or collection of taxes may be granted only 1) if the plaintiff can demonstrate that the government could not prevail under any circumstances and 2) there is equity jurisdiction, that is, the plaintiff would suffer irreparable harm and no adequate remedy at law exists. In this case, the plaintiff has not demonstrated the government could not prevail under any circumstances. A body of case law works against the plaintiff's position. The filing of a federal tax return does not violate a taxpayer's Fifth Amendment privilege against self-incrimination. See *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 608, 71 L.Ed. 1037 (1927); *United States v. Milder*, 459 F.2d 801, 803 (8th Cir.), cert. denied, 409 U.S. 851, 93 S.Ct. 60, 34 L.Ed.2d 93 (1972); *United States v. MacLeod*, 436 F.2d 947, 951 (8th Cir.1971), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971) ("The statutory requirement to file an income tax return does not violate a taxpayer's right against self-incrimination.")

■ "There is no constitutional right to willfully fail to file income tax returns." *United States v. Wyman*, 724 F.2d 684, 689 (8th Cir.1984); *United States v. Russell*, 585 F.2d 368, 370 (8th Cir.1978). The failure to comply with the filing and reporting requirements of the federal income tax laws will not be excused based on an assertion of the constitutional privilege against self-incrimination under the Fifth Amendment. See *United States v. Silkman*, 543 F.2d 1218, 1219–20 (8th Cir. 1976), cert. denied, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.1973), cert. denied, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *Betz v. United States*, 753 F.2d 834, 835 (10th Cir.1985); *Heitman v. United States*, 753 F.2d 33, 34 (6th Cir.1984); *Brennan v. Commissioner*, 752 F.2d 187, 189 (6th Cir.1984); *Martinez v. I.R.S.*, 744 F.2d 71, 72 (10th Cir.1984); *United States v. Neff*, 615 F.2d 1235, 1238 (9th Cir.1980), cert. denied, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980);

**950**

and *United States v. Irwin,* 561 F.2d 198, 201 (10th Cir.1977), cert. denied, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978). The plaintiff cannot demonstrate that the government will not prevail in an action to compel the plaintiff to sign a tax form.

The plaintiff also fails to meet the second criteria of *Enochs* —that equity jurisdiction exists in that there is no adequate remedy at law. The Internal Revenue Code provides a taxpayer with legal options to use to redress his grievances against the IRS. A civil action may be brought by a taxpayer who wishes to challenge an illegal assessment or the wrongful collection of a tax. I.R.C. § 7422(a). The plaintiff here has other remedies available to him.

Lastly, the court is also barred from granting the plaintiff's request for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. The plaintiff asks the court to find that the plaintiff cannot be compelled to file a tax form which contains a perjury penalty clause. The court cannot enter such an order because the Act exempts controversies with respect to federal taxes. 28 U.S.C. § 2201(a).

### CONCLUSION

Construing the allegations in the light most favorable to the plaintiff, the court finds the plaintiff cannot state a claim upon which relief can be granted. The defendants Donahoo and Internal Revenue Service are not proper parties who are subject to suit and they must be dismissed from this action. In addition, the United States has not waived its sovereign immunity and cannot be sued in a tax action such as this. The court finds the defendants' motion to dismiss should be granted. Accordingly,

**IT IS RECOMMENDED** to the Honorable William G. Cambridge, District Judge, that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 636 for failure to state a claim upon which relief may be granted.

### ADMONITION

Pursuant to NELR 72.4, any objection to this Report and Recommendation shall be filed with the Clerk of the Court within 10 days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be delivered to Judge William G. Cambridge at the time of filing such objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

April 4, 2000.