Marvel JONES, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,** Rodney J. Strickland, Chief, Customer Service Branch, Dennis Parizek, Chief, Customer Service Center, Mr. Corbridge, unknown position at IRS, Richard M. Creamer, Commissioner, and Known and Unknown Defendants, Defendants.

No. 4:01CV3067.

United States District Court,
D. Nebraska.

June 4, 2002.

⊙⇒4969

Marvel Jones, Tecumseh State Prison, Tecumseh, NE, Pro Se.

Paul D. Boeshart, Assistant U.S. Attorney, Lincoln, NE, Robert D. Metcalfe, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

URBOM, Senior District Judge.

This matter is before me on the following motions: (1) filing no. 20, the Motion for Appointment of Counsel filed by the plaintiff, Marvel Jones; (2) filing no. 21, the Motion to Consolidate Both Cases, in which Mr. Jones seeks to consolidate the above-captioned litigation with a companion case, *Jones v. Nebraska Department of Correctional Services, et al.*, Case No. 4:01CV3068, presently pending in this district; and (3) filing no. 27, the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, filed by the defendants, Internal Revenue Service ("IRS") and individual employees and officials of the IRS. Mr. Jones has filed the Plaintiff's Response to Federal Defendant[s'] Motion to Dismiss or for Summary Judgment (filing no. 33).

## BACKGROUND

The plaintiff, an inmate in the custody of the Nebraska Department of Correctional Services ("DCS"), is proceeding pro se and in forma pauperis. In his complaint, the plaintiff seeks compensatory, punitive, and treble damages as well as return of his tax refund check in the amount of $617.15 for the 1999 tax year.

Employed by a private company during 1998 and 1999, the plaintiff filed a federal income tax return for the year 1999, requesting a refund in the amount of $617.15. The refund derived in part from the plaintiff's claim to an earned income credit ("EIC") in the amount of $308. See 26 U.S.C. § 32 (establishing EIC tax credit for eligible taxpayers).

Initially, the IRS issued a refund check for $617.15, and the plaintiff received notice from prison officials regarding receipt of the check. However, before he could access the funds, the plaintiff received a message from the prison Finance Manager that the IRS had sought return of the refund check, and that the prison accounting office had returned the check. During his prison grievance proceedings, the

plaintiff learned that the prison has an agreement with the IRS to allow time for the IRS to review tax refunds received by inmates. The plaintiff contends that the IRS's interception of his check, without affording him prior notice and a hearing, deprived him of due process, and subsequent delays in processing his refund violated internal regulations of the IRS.

## ELIGIBILITY FOR EIC

■ By prior Order (filing no. 13 at 2), I upheld the IRS's view that 26 U.S.C. § 32(c)(2)(B)(iv) rendered the plaintiff ineligible for the EIC in 1999. Section 32(c)(2)(B)(iv) states:

32(c) Definitions and special rules.—For purposes of this section—...

(2) Earned income.—

(A) The term "earned income" means- ...

(B) For purposes of subparagraph (A)-...

(iv) no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account....

The statutory language clearly states that compensation received by an inmate as payment for services is not considered "earned income" for purposes of the EIC. The plaintiff was an inmate at a penal institution during the 1998 and 1999 tax years.

## APPOINTMENT OF COUNSEL

■ *In Davis v. Scott,* 94 F.3d 444, 447 (8th Cir.1996), the Eighth Circuit Court of Appeals discussed appointment of counsel in civil cases:

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." .... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel,

taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

(Citations omitted.) Accord *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir.1998):

A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case .... When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim.

Other federal courts consider the same factors. See, e.g., *Castro Romero v. Becken,* 256 F.3d 349, 353–54 (5th Cir.2001): "Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case .... In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." In light of those considerations and the disposition of this case, I will deny filing no. 20, the plaintiff's motion for appointment of counsel.

## CONSOLIDATION

■ I agree with the Order entered by Magistrate Judge Kathleen A. Jaudzemis in the companion Case No. 4:01CV3068, *Jones v. Nebraska Department of Correctional Services, et al.,* denying the plaintiff's motion to consolidate Case Nos. 4:01CV3067 and 4:01CV3068. In my view, the two cases present distinct issues of law and fact, so that consolidation pursuant to

Fed.R.Civ.P. 42(a) would not serve the interests of convenience and economy or avoid unnecessary cost or delay. Therefore, I will deny filing no. 21.

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The defendants moved for dismissal or summary judgment on the basis of Fed. R.Civ.P. 12(b)(1) and (6) (lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted). Upon review of the record and the parties' arguments, I believe that this case should be dismissed for lack of subject matter jurisdiction. In making that determination, I have considered all of the evidentiary material attached by the plaintiff to his complaint as well as the pleadings and the applicable law.

## SOVEREIGN IMMUNITY

*Suit Against the IRS*

■ A suit against the IRS is "one against the United States." *Coolman v. U.S. I.R.S.*, 117 F.Supp.2d 943, 945–46 (D.Neb.2000), *aff'd*, 242 F.3d 374, 2000 WL 1678868 (8th Cir. Nov 09, 2000) (unpublished). See also *Carelli v. IRS*, 668 F.2d 902, 904 (6th Cir.1982) ("Although the appellant named the IRS as defendant in his complaint, we treat this action as a suit against the United States.").

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued .... This consent must be unequivocally expressed in statutory text ... and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Foundation*, 134 F.3d 910, 915 (8th Cir.1998).

*Federal Defendants in Their Official Capacity*

■ A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States. *Searcy v. Donelson*, 204 F.3d 797, 798 (8thCir.2000), *cert. denied*, 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir.1998). See also *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), *quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978): "Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' "

■ It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. See, e.g., *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. at 475, 114 S.Ct. 996, *citing United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

The jurisdictional bar of sovereign immunity operates when a suit threatens to impose liability on the United States for money or property or to engender some form of coercive injunctive relief. See, e.g., *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to

act.' *Larson v. Domestic & Foreign Corp., supra*, 337 U.S. [682] at 704[, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)]; *Ex parte New York*, 256 U.S. 490, 502, 41 S.Ct. 588, 65 L.Ed. 1057 (1921)."

*Federal Tort Claims Act*

Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not apply to this case. Under the FTCA, the United States waives its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

■ However, 28 U.S.C. § 2680(c) precludes suit under the FTCA for "[a]ny claim arising in respect of the assessment or collection of any tax." Even if this action could somehow be construed to involve an injury or loss not relating to the assessment or collection of a tax, the plaintiff has not alleged compliance with the administrative claim requirement which is a prerequisite to filing a claim under the FTCA. See 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

(Emphasis added.)

*26 U.S.C. § 7433*

■ Title 26, U.S.C. § 7433 permits the recovery of damages from an officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence disregards" the tax laws or regulations. Such damages are limited to "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee" of the IRS. However, 26 U.S.C. § 7433(d)(1) states: "Requirement that administrative remedies be exhausted.—A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The plaintiff has not exhausted such administrative remedies.

*26 U.S.C. § 7422*

■ Title 26, U.S.C. § 7422(a) also precludes any action to obtain a tax refund unless administrative procedures are first exhausted. See generally *Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir.), *cert. denied*, 522 U.S. 950, 118 S.Ct. 370, 139 L.Ed.2d 288 (1997): "The Internal Revenue Code governs tax refund suits. Under Section 7422(a) of the Code, a taxpayer who seeks a refund of federal taxes must first make an administrative refund claim with the Secretary of the Treasury. 'No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secre-

tary....'" 26 U.S.C. § 7422(a). Failing an administrative resolution, the taxpayer's remedy is to file suit against the government. 26 U.S.C. § 7422(f)(1) ("A suit [for erroneously or illegally assessed or collected taxes] may be maintained only against the United States...."). The plaintiff does not contend that he exhausted any remedies within the IRS, only that he exhausted the grievance procedures in his prison institution.[1]

### Declaratory Judgment

Pursuant to 28 U.S.C. § 2201(a), a federal district court has no power to enter a declaratory judgment "with respect to federal taxes," with a limited exception for declaratory relief under 26 U.S.C. § 7428 regarding certain charitable organizations. Similarly, the Anti–Injunction Act, 26 U.S.C. § 7421, prohibits lawsuits "for the purpose of restraining the assessment or collection of any tax ...."

### "Bivens" Action

■ Finally, a "*Bivens* action" may be maintained against federal officials in their individual capacity for their constitutional torts. See *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), in which the Supreme Court recognized that damages may be obtained for constitutional injuries inflicted by individual federal officials. However, a *Bivens* action cannot be implied directly against the United States, its agencies, and, by extension, against federal agents and employees in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 473, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

■ The plaintiff did not sue or serve the defendant-officers and employees of the IRS in their personal capacity. Even if the plaintiff had sued those defendants in their individual (as opposed to official) capacity, the Eighth Circuit has not allowed a *Bivens* action for alleged violation of due process in the context of tax assessment and collection. See *Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1453–54 (8th Cir.1994), *cert. denied*, 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995):

> The district court dismissed these claims on the ground that a taxpayer's remedies under the Internal Revenue Code preclude such a *Bivens* action. Vennes cites us to no contrary authority, and we have found none. Though the Supreme Court has not addressed this precise question, it has strongly suggested that the district court correctly applied *Bivens:* When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies. *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) . . . .
>
> Since *Chilicky*, at least three circuits have upheld the dismissal of *Bivens* actions against IRS agents for tax assessment and collection activities .... We agree with those decisions.

Accord *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 149, 149 n. 1 (3d Cir.2000); *Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir.1997).

None of the foregoing limited waivers of sovereign immunity enables this court to exercise jurisdiction over the plaintiff's claims, and sovereign immunity therefore

---

1. Title 26, U.S.C. § 7429, which does not apply to this case, permits a taxpayer to challenge a jeopardy assessment administratively and judicially. Similarly, 26 U.S.C. § 7432, which provides civil damages under certain circumstances for failure to release a lien, also has no application to the plaintiff.

bars the plaintiff's claims against the IRS, i.e., the United States, and the individual federal defendants in their official capacity. I will grant filing no. 27, the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

## ALTERNATE GROUNDS FOR DISMISSAL

*Mootness*

The defendants assert, as an alternate ground for dismissal of this action, that the plaintiff's claim has become moot, and that the complaint accordingly fails to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Fed.R.Civ.P. 12(b) provides in part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

■ I find that this litigation has become moot. The matter outside the pleading which leads me to that conclusion is the defendants' evidence that a check for the plaintiff's readjusted refund was sent to him on June 18, 2001 (filing no. 28, Declaration of Dennis L. Parizek at 3 and Ex. A). While that payment occurred after the filing of the complaint, the plaintiff does not dispute his receipt of a tax refund for the $309.15 balance of his refund claim (after deduction of EIC), together with statutory interest of $32.71.

On two additional bases, I conclude that the plaintiff has failed to state a claim for which relief can be granted.

*Damages*

■ First, the plaintiff seeks damages which are not available to him by virtue of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(e) of the PLRA states: "No person convicted of a felony who is incarcerated … while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff alleges only emotional distress as the injury or loss giving rise to his claim for $250,000, and he does not assert any underlying physical injury.

*Violation of IRS Regulations*

■ Second, the plaintiff has identified no regulations which the IRS violated by recalling his refund check. In actions taken after review of the plaintiff's refund claim, the IRS did fail to abide by the deadlines set forth in various IRS communications to the plaintiff. However, the approximately six-month delay in processing the plaintiff's final refund did not amount to a violation of due process, and, as stated, the plaintiff's refund has since been paid. See generally *Vallone v. Commissioner of Internal Revenue*, 88 T.C. 794, 807, 1987 WL 49300 (Tax Court 1987). In *Vallone*, taxpayers challenged certain penalties on the ground of the IRS's failure to comply with its own procedures in the Internal Revenue Manual ("IRM") for contacting delinquent taxpayers before seizure of their property. The Tax Court declined to abate the penalties and rejected the argument that the IRS's failure to follow its own procedures constituted a per se violation of the United States Constitution. The Tax Court held that IRM requirements are merely directory and not mandatory, and that noncompliance with

the Manual does not render an action by the IRS invalid. The purpose of IRM procedures is to govern the internal affairs of the IRS, and such IRS procedures do not have the force and effect of law. *Id.* at 808. Courts have generally said that the Manual is not for the protection of taxpayers. *Id.*

Thus, I dismiss this litigation on the basis of Fed.R.Civ.P. 12(b)(1), although I conclude that Fed.R.Civ.P. 12(b)(6) provides an alternate basis for dismissal.

IT IS THEREFORE ORDERED:

1. That filing no. 27, the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, is granted;

2. That this action and the plaintiff's complaint are dismissed with prejudice; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.