Mark C. DEVRIES, Plaintiff,

v.

**INTERNAL REVENUE SERVICE and Department of the Treasury/United States of America, Defendants**

**No. CV F 04–6108AWILJO.**

United States District Court, E.D. California.

Jan. 28, 2005.

Mark Charles Devries, Bakersfield, CA, pro se.

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S PETITION FOR PROTECTION OF RIGHTS; etc.

ISHII, District Judge.

This is an action by plaintiff Mark C. Devries ("Plaintiff") whose apparent purpose is to invalidate a tax lien or liens imposed by defendants Internal Revenue Service ("IRS") and United States Department of the Treasury (collectively, "Defendants") in connection with tax assessments pertaining to tax periods in 2000 and 2001. The operative pleading in this case in titled "Petitioner for Protection of Rights; for Compelling IRS to Follow Applicable Pre-Collection Revenue Law and Procedure; and Applicable Collection Law and Procedure; Set Aside All Acts of Defendant that were Without Personal Jurisdiction; Declare All Such Acts and Subsequent Act Null and Void, Without Legal Effect and Unenforceable." The court and Defendants construe this pleading as the "Complaint." In the present motion, Defen-

dants seek to substitute Unites States of America as the proper party defendant and to dismiss the Complaint with prejudice. This court has subject matter jurisdiction pursuant to 28 U.S.C., section 1346(a). Venue is proper in this court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Complaint was filed on August 16, 2004, and its allegations are, as Defendants point out, ambiguous and somewhat confusing. Although Plaintiff appears to take issue with the accuracy of the amount of tax liability found by IRS, the issues raised in the complaint appear to relate mainly to the procedure employed by the IRS in imposing the tax lien. Specifically, Plaintiff alleges he was not notified timely of the imposition of the tax lien and/or that the IRS used incorrect identification numbers on the lien. Plaintiff contends that, as a result of IRS's procedural oversights or errors, the tax lien lacks legal validity and is of no force or effect.

On October 15, 2004, Defendants filed an ex-parte motion to extend time for Defendants to respond to the Complaint and lodged a proposed order to extend time. The motion for extension of time was granted and the proposed order was filed on October 18, 2004. On November 5, 2004, Plaintiff filed an objection to Defendants' ex-parte motion for extension of time. Defendants filed the instant motion to substitute proper party plaintiff and to dismiss on December 3, 2004. No opposition to Defendants' motion has been received, although Plaintiff's objection to Defendants' motion to extend time reiterates in summary form most of Plaintiff's contentions and could therefore be construed as an opposition to Defendants' motion to dismiss. The hearing date on Defendants' motion to dismiss was vacated and Defendant' motion was taken under submission on December 2, 2004.

Factually, the Complaint contains two basic allegations. First, Plaintiff alleges the IRS used erroneous identification numbers (taxpayer identification numbers or employer identification numbers) on the Notice of Federal Tax Lien. Second, Plaintiff alleges he did not receive notice of the Federal Tax Lien within the five day time period specified at 26 U.S.C., section 3620(a). The Complaint, and documents submitted by Plaintiff related to the Complaint are ambiguous with regard to the relationship of the "identification number issue" and the notice issue. Plaintiff states in the Complaint:

> In addition [Plaintiff] has statutory rights, to examination hearing before the IRS commences collection, and or before the IRS enforces a lien. ¶ Defendant failed to and refused to send proper legal notice to Plaintiff set [sic] forth both the Plaintiff's proper identification by name and by tax identifying number, making such notices **null and void and without legal effect.** ¶ In addition plaintiff, after filing a "notice of Federal Tax Lien" that did NOT contain a tax identity number assigned [to] plaintiff, also failed and refused to send Plaintiff the congress[ionally] mandated notice required by Public Law 105–206, and codified at 26 U.S.C. § 6320.

Doc. 1 at 2 (bold in original).

Although Plaintiff alleges he did not receive notice of the filing of the Federal Tax Lien, it is not clear from the pleadings whether Plaintiff did timely receive a notice but the notice was deficient *because* the identification numbers were erroneous, or whether he received no timely notice at all *and* the identification numbers were erroneous. Plaintiff does not state, either in the Complaint or in the associated documents, exactly when he received the Notice of Federal Tax Lien or if he received notice at all. Plaintiff contends that, as a

result of the defective or non-existent notice, he was not informed of his right to request an administrative hearing and therefore did not file for the hearing timely. Plaintiff alleges he was denied due process rights because the defective or non-existent notice prevented him from receiving a hearing.

The remedies Plaintiff requests are somewhat unclear. First, Plaintiff requests the court declare the Federal Tax Lien null and void and that the trust institution (Chicago Title) be ordered to disregard the lien. Second, Plaintiff seems to request that the court order the IRS to conduct an appropriate pre-collection hearing but that request is not explicit.

## LEGAL STANDARD

Defendants have moved for dismissal of the Complaint on the ground the complaint does not state a claim upon which relief may be granted, pursuant to Rule[1] 12(b)(6) of the Federal Rules of Civil Procedure. An examination of Defendants' pleadings indicates that the motion to dismiss is more properly framed as challenge to federal subject matter jurisdiction. Consequently, the legal standards applicable to Rule 12(b)(1) apply.

■■■ Rule 12(b)(1) allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "A plaintiff suing in a federal court must show in his pleading,

affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough,* 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926).; Fed.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publishing Co. v. General Telephone Electronics,* 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *Cervantez v. Sullivan,* 719 F.Supp. 899, 903 (E.D.Cal.1989), *rev'd on other grounds,* 963 F.2d 229 (9th Cir.1992).

## DISCUSSION

### I. Proper Party Defendant

■■■ The named defendants in this case, the IRS and the Treasury Department, are federal agencies within the United States Government. Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. *Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Congress has made no provisions for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. *See Pesci v. Internal Revenue Service,* 67 F.Supp.2d 1189, 1195 (D.Nev.1999); *Krouse v. United States Treasury Dep't,* 380 F.Supp. 219, 220 (C.D.Cal.1974). Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant. *See Taborski v. Inter-*

---

**1.** References to Rules hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

*nal Revenue Service,* 141 B.R. 959, 961 n. 1 (N.D.Ill.1992) (IRS dismissed and attorney fees and costs awarded against United States); 26 U.S.C. § 7422(f) (suit arising out of dispute over tax monies owed may only be maintained against the United States); 26 U.S.C. §§ 7430(a), 7431, 7432, 7433 (suits for damages arising out of certain specified IRS actions may be maintained against the United States).

■ The instant action arises out of a dispute as to Plaintiff's tax liability and relates to actions taken by the IRS and its employees to satisfy the asserted tax debt. Therefore, this action may be maintained, if at all, against the United States only. Neither the IRS or the Treasury Department are proper defendants. Consequently, the IRS and the Treasury Department will be dismissed from this case and Defendants' motion to substitute the United States as sole defendant in this action will be granted.

## II. Failure to Establish Jurisdictional Basis for Suit

Defendants contend Plaintiff has failed to allege waiver of sovereign immunity and therefore has failed to set forth allegations sufficient to establish federal subject matter jurisdiction. The court agrees.

■ "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. [Citations.]" *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). "Such waiver cannot be implied, but must be unequivocally expressed. [Citations.]" *Id.* Plaintiff has the burden of showing a waiver of sovereign immunity. *Baker v. United States,* 817 F.2d 560, 562 (9 Cir.1987), *cert. denied,* 487 U.S. 1204, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988).

■ Federal Statute may waive sovereign immunity, *Bruno v. United States,* 547 F.2d 71, 73 (8th Cir.1976), however

Plaintiff has not cited any statute that provides waiver of sovereign immunity in the context of the facts of this case. The Complaint invokes original federal subject matter jurisdiction pursuant to 28 U.S.C., section 1346. Section 1364(a)(1) gives district courts jurisdiction over civil actions for the recovery of "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority ...." Such general jurisdictional statutes as 28 U.S.C., section 1346 do not constitute a waiver of sovereign immunity. *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990). In 1960, the Supreme Court held that the phrase "any internal-revenue tax" can be construed to refer to payment of the entire amount of an assessment, and a federal district court has no jurisdiction under Section 1346(a)(1) of a suit for refund which did not discharge the entire amount of his assessment. *See Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

In the context of tax disputes, the contours of statutory waiver of sovereign immunity are well established. Here, it is important to note that the relief Plaintiff requests asks the court to invalidate *pre-collection* proceedings instituted by the IRS. The Anti–Injunction Act, 26 U.S.C., section 7421 provides that, except for circumstances not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The United States Supreme Court has held that the [Anti–Injunction] Act should be liberally construed to protect the government's need to assess and collect taxes without judicial interference. [Citation.] The ban against judicial interference applies to activities

which are intended to or may culminate in the assessment or collection of taxes. [Citation.]

*Coolman v. United States IRS,* 117 F.Supp.2d 943, 949 (D.Neb.2000).

■ The limited, judicially created exception to the Anti–Injunction Act is set forth in *Enochs v. Williams Packing & Nav. Co.,* 370 U.S. 1, 7–8, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In *Enochs,* the Court held a pre-enforcement injunction is only available if: (1) the plaintiff can demonstrate "under the most liberal view of the law and the facts, the United States cannot establish its claim," and (2) that there is equity jurisdiction; that is, the plaintiff would suffer irreparable harm and no remedy exists at law. *Id.*

■ Here, Plaintiff has shown neither the impossibility of the United States' claim or equity jurisdiction. Although Plaintiff alludes to an underlying dispute with the IRS concerning the validity of the IRS's claim, he presents no facts that would lead to the conclusion that the United States could not prevail under any circumstance. Similarly, Plaintiff alleges he has exhausted all administrative remedies. Yet Plaintiff is not without remedy. Pursuant to 26 U.S.C., section 7422, the United States waives sovereign immunity where the tax claim has been paid and the taxpayer has filed a claim for refund and the claim has been denied. Plaintiff may therefore pay the disputed tax and request refund and may, upon denial of the refund request and following the specified administrative procedure, maintain a suit in this court. While this may not be exactly the remedy Plaintiff seeks, it is the remedy law provides and this court is without jurisdiction to provide another.

Because Plaintiff's claim against the United States seeks, at least in part, to restrain or interfere with the efforts of the government to collect taxes, the Anti–Injunction Act applies and no exception to the Act is applicable.

To the extent Plaintiff's claim for relief could be considered a claim for declaratory judgment, the claim is barred by the terms of the Declaratory Judgment Act, 28 U.S.C., section 2201, et seq., which bars declaratory judgments in cases involving federal tax disputes. 28 U.S.C. § 2201(a).

The crux of Plaintiff's argument is that he suffered a deprivation of constitutional due process rights because the IRS failed to notify him of the imposition of the tax lien on his property. Even assuming, *arguendo,* there was a failure to notify and that the failure to notify rises to the level of a constitutional violation, the mere allegation of that violation is not sufficient to establish a waiver of sovereign immunity. *See Gilbert,* 756 F.2d at 1458–1460 (no waiver of sovereign immunity where plaintiff alleges violations of civil and constitutional law in a tax case). Plaintiff may only pursue his claim of constitutional deprivation of due process rights within the context of a suit specifically authorized by 26 U.S.C., section 7422 or similar statutory provision.

Plaintiff has failed to show the United States has waived sovereign immunity under the facts of this case. Because Plaintiff's claims for relief pertain to pre-collection actions taken by IRS, and because none of the exceptions to the Anti–Injunction Act or the Declaratory Judgment Act apply in this case, there appear to be no set of facts that Plaintiff could allege that would be sufficient to establish a waiver of sovereign immunity. Therefore, dismissal with prejudice is warranted.

THEREFORE, in consideration of the foregoing discussion, it is HEREBY ORDERED that:

1. The IRS and the Treasury Department are hereby DISMISSED and

the United States is SUBSTITUTED as the proper party defendant;

2. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE, and;

3. The Clerk of the Court is hereby ORDERED to CLOSE the case.

IT IS SO ORDERED.